COLLINS *vs.* GRANNISS *et al.*

The statute of 24 Geo. 2, c. 44, sec. 1, requiring one month's written notice to be given to a justice before bringing suit against him for any act done by him *virtute officii*, is of force in Georgia; and a declaration which failed to show such notice was demurrable.

Justices. Laws. Actions. Pleading. Before Judge SIMMONS. Bibb Superior Court. April Term, 1881.

Reported in the decision.

THOS. WILLINGHAM, Jr.; W. DESSAU, for plaintiff in error.

LYON & GRESHAM, for defendants.

SPEER, Justice.

Plaintiff in error brought her action of trespass on the case against the defendants for damages to the

amount of five thousand dollars. She alleges "that Granniss, being a lawful magistrate in the lawful exercise of his office, in the 714th district, G. M., caused petitioner to be brought before him on a certain peace warrant sworn out by Peggy Harris against petitioner, the same being served upon her by E. P. Smith, who was then acting constable in said district, county and state. \*\*\*That after the evidence by both sides had been heard by said E. C. Granniss, then and there presiding, as aforesaid, and after argument of counsel on both sides, it was ordered and adjudged by said E. C. Granniss, magistrate, as aforesaid, that petitioner be required to give bond in the sum of fifty dollars, to keep the peace against said Peggy Harris, as the statute provides, and further, to pay all costs in said case, which costs said Granniss adjudged to be eight dollars; and petitioner alleges that owing to her poverty she was unable to pay said sum of eight dollars, and thereupon tendered to said E. C. Granniss a good and sufficient bond and security to keep the peace aforesaid according to the order and judgment of the said E. C. Granniss, magistrate aforesaid, at the same time tendering to the said E. C. Granniss, magistrate as aforesaid, her affidavit in *forma pauperis* in due form of law, and sworn to, wherein said petitioner averred, that owing to her poverty she was unable to pay the cost so adjudged against her. But petitioner avers that said E. C. Granniss, magistrate as aforesaid, then and there presiding, informing himself of the contents of said affidavit by reading the same, then and there, willfully, wickedly, unjustly, oppressively and corruptly declined, failed and refused to accept said bond with said good and sufficient security, tendered as aforesaid, and petitioner then and there tendered said bond and affidavit with said good and sufficient security to said E. P. Smith, constable as aforesaid, who likewise willfully and wickedly declined, failed and refused to accept the same, and the said E. C. Granniss and E. P. Smith did then and there, by virtue of their respective offices, conspire to

gether, and willfully and wrongfully did cause the arrest of your petitioner and her detention and imprisonment because she was unable to pay said sum of eight dollars cash, and said magistrate did, then and there, order said petitioner committed to jail without stating for what length of time petitioner should be so committed, and did then and there, and by virtue of their respective offices as aforesaid, cause your petitioner to be forcibly taken from said court to the common jail of said county, where your petitioner was confined and imprisoned for twenty-four hours next immediately thereafter. By reason of said unlawful imprisonment she was deprived of her liberty, was violently torn from her child, then on her breast, and was greatly injured in mind and health, to her damage five thousand dollars.

To this declaration defendant below demurred *ore tenus* on the ground, as insisted upon here, "that said defendant E. C. Granniss, justice, was not liable to be sued as such for any act *virtute officii* without being served with a written notice of the contemplated suit one calendar month before the institution of the same, as prescribed by statute 24 Geo. 2 c, 44, and which it is alleged is of force in Georgia.

By statute 24 Geo. 2, c. 44, it is enacted: "That no writ shall be sued against, or copy of any process at the suit of a subject shall be served on any justice for anything done by him in the execution of his office until notice in writing shall have been given to him or left at his usual place of abode, by the attorney for the party, one calendar month before the suing out or serving the same, in which shall be clearly and explicitly contained the cause of action which the party hath or claimeth to have against the justice, and on the back of which shall be indorsed the attorney's name and place of abode, for which he shall be entitled to a fee of 20 s., and no more. And unless it is proved on the trial that such notice was given, the justice shall have a verdict and costs. Nor shall any evidence

be permitted to be given by the plaintiff on the trial of any cause of action except such as is contained in the notice. And the action must be commenced within six calendar months after the act committed."

" The justice may, at any time within one calendar month after such notice given, tender amends to the party complaining, or to his agent or attorney, and in case the same is not accepted he may plead such tender in bar to the action, together with the plea of not guilty, and any other plea with leave of the court, and if upon issue joined thereon the jury shall find the amends so tendered to have been sufficient, they shall find a verdict for the defendant; and in such case, or in case the plaintiff shall become non-suit or shall discontinue, or if judgment be given for the defendant upon demurrer, the justice shall be entitled to the like costs as if he had pleaded the general issue only. And if, upon the issue as joined, the jury shall find no amends, or not sufficient were tendered, and also against the defendant on such other plea or pleas, they shall give a verdict for the plaintiff and such damages as they shall think proper, which he shall recover, with his costs of suit."

" And in case if the justice shall neglect to tender any amends, or shall have tendered insufficient amends before the action brought, he may, by leave of the court, before issue joined, pay into court such sum of money as he shall see fit ; whereupon such proceedings, orders and judgments shall be had, made and given, as in other actions where the defendant is allowed to pay the money into court." 5 Bacon Abridgement, 427.

It was insisted by counsel for plaintiff in error, that this statute of 24 Geo. 2, c. 44, not having been embodied in Schley's Digest of English Statutes of force, nor otherwise recognized in this state, was not embraced within our adopting act of 1784. We have only to say by way of reply, that early in the organization of this court, 1846, when presided over by the able and distinguished Justices Lumpkin, Warner and Nisbet, whose legal learning and research are imperishably impressed upon the judicial re-

cords of our state, the question whether this statute was of force in Georgia, was affirmatively so declared by a unanimous court. See 1st *Kelly*, 602. This English statute having been thus declared of force by the supreme judicial tribunal of the state, the Code of 1863 has since declared of force " Irwin's Code," "and also so much of the common and statute laws of England and of the statute laws of Georgia as were in force in this state on the 19th of December, 1860." See Code, section 1. So supported by judicial affirmance. as well as by statutory enactment, we hold the statute of 24 Geo. 2, c. 44, of force in this state, and so holding, plaintiff's declaration not having averred any notice of this suit to the defendant, E. C. Granniss, justice, as required by law, the demurrer below was properly sustained and the suit dismissed.

While we feel bound to adhere to the ruling in the case in 1st *Kelly*, 602, and hold this English statute of force here, and that there is nothing in it repugnant to our institutions, we cannot express our approval of its wisdom and policy in more appropriate language than by repeating what Judge Lumpkin so aptly expressed in his opinion in the case referred to, though delivered nearly forty years ago. He says: " Is there anything in it repugnant to our institutions? On the contrary is not its operation, here as salutary as in the mother country? It is, at best, a stringent rule which subjects judicial officers to suits, not for corruption, but for an error in judgment only. Is it not a most reasonable requisition that the party aggrieved should give one month's notice of his intention to sue, to enable the justice to make amends for the alleged injury, and thus relieve himself from the payment of costs? This question vitally affects some eight hundred magistrates, (now 2,500 in number,) in the state, and seeing no good reason why they should be deprived of the protection of this most wholesome act, we take pleasure in affirming the judgment below." 1 *Kelly*, 605; Dudley's Geo. Rep., 241.

Let the judgment be affirmed.