## CHRISTOPHER *v.* NIXON.

A justice of the peace, who has collected money on a judgment and who fails to pay it over upon demand to the plaintiff in judgment, may be proceeded against by rule under the Civil Code, § 4782, just as the other officers therein mentioned; and the requirement of one month's written notice prior to the bringing of the suit against a justice for anything done by him in the execution of his office is not applicable in such a case.

FEBRUARY 17, 1910.

Rule. Before Judge Gober. Fannin superior court.. December 17, 1908.

*Thomas A. Brown,* for plaintiff.

*William Butt* and *J. Z. Foster,* for defendant.

BECK, J. A. F. Christopher filed, on December 15, 1908, a petition for a rule against G. D. Nixon, a notary public and ex-officio justice of the peace, alleging, that the defendant had collected money to be applied on certain judgments obtained in his court in favor of petitioner; that he neglected and refused to pay the same or any part thereof to petitioner upon demand properly made; and that the judgments were obtained and the money paid to defendant on March 15, 1907. The defendant demurred to the petition, on the following grounds: That the petition did not show that any notice in writing was given to the defendant or left at his usual place of abode, as required by the Civil Code, § 4055; and did not show that the petition was brought within six months after the act charged therein against defendant, as required by the Civil Code, § 4057. The court sustained the demurrer and dismissed the petition.

The Civil Code, § 4782, provides, that "Justices· of the peace and constables shall be so far considered officers of the superior court as to be subject to be ruled under similar regulations as are herein provided in relation to any other officer of said court, and shall **be** subject to all the pains and penalties as are herein provided in case of a rule absolute against sheriffs and other officers of said court, when· they, or either of them, shall refuse or neglect to collect or to pay over any money which they may .have received or collected in their official capacity." Under these positive provisions a justice of the peace may be proceeded against by way of a rule just as other officers mentioned in that section are, and no other or further notice is required to be given to a justice of the peace than would be necessary in case of proceedings by rule against the former officers. Sections 4055 and 4057 of the· Civil Code are as follows: § 4055. "No suit shall be brought against any justice for anything done by him in the execution of his office, until notice in writing shall have been given to him, or left at his usual place of abode, one calendar month." § 4057. "The action must be commenced within six months after the act committed by the justice." The demurrer of the respondent in the court below is based upon these sections, and they embrace the substance of the statute 24 George II, c. 44. (5 Bacon's Abridgment, 427.) Before this statute was embodied in our code it was held to be of force in this State. *Collins* v. *Granniss*, 67 *Ga.* 716. This case followed the ruling made in the case of *Warthen* v. *May*, 1 *Kelly*, 602. In the latter case it was said: "Is there anything in it repugnant to our institutions? On the contrary, is not its operation here as salutary as in the mother country? It is, at best, a stringent rule which subjects judicial officers to suits, not for corruption, but for an error in judgment only. Is it not a most reasonable requisition that the party aggrieved should give one month's notice of his intention to sue, to enable the justice to make amends for the alleged injury, and thus relieve himself from the payment of costs?" From the words of approbation bestowed upon this statute, and a consideration of the law relative to the jurisdiction and duties of justices of the peace at the time of the enactment of the statute by Parliament, we are satisfied that proceedings of the nature of those involved in this case and having for their purpose merely an effective method of compelling a collecting officer to pay over money to an-

other which rightfully belonged to the latter, were not in the purview of the statute.    Our own statute requiring justices of the peace to receipt for claims given them for collection is of comparatively recent date; and we do not think that receiving accounts, notes, or other claims for collection, and their presentation to the debtor and the collection from him of the amounts due thereon, can be regarded as something "done by him in the execution of his office."   In the case of *Upshaw* v. *Oliver, Dud.* 241, this being the first of our adjudicated cases applying the provision as to notice before suit and holding that the statute of 24 George II was of force in this State, illegal arrest and imprisonment ordered by the magistrates proceeded against was the basis of the suit.    The case of *Warthen* v. *May,* supra, was a case of trespass vi et armis, and it was complained that the plaintiff's property had been seized and sold under process issued from a justice's court which was without jurisdiction of the cause resulting in the issuance of the process. And the only other case in the reports of our decisions to which our attention has been called, where the provision of the statute relative to the giving of notice before suit was held to be applicable, is that of *Collins* v. *Granniss,* 67 *Ga.* 716, which stated a case of trespass growing out of an alleged illegal arrest and imprisonment, which the defendant justice of the peace had illegally, corruptly, and maliciously ordered to enforce the payment of certain costs. Clearly in cases like these the suits are for something "done in the execution of his office," and the terms of the statute require a month's notice in writing.    But in the instant case, the act done by the justice was the withholding of money had and received by him for the plaintiff upon a debt due the plaintiff on a judgment. If the section requiring notice in writing to be given one month before suit is applicable, then section 4057 is also applicable, and a justice who has collected money on a judgment could be exempt from suit after the expiration of six months from the time of collecting the money and refusal to pay it over to the plaintiff.

Where a justice collects money on a claim in judgment and fails to pay it over to one rightfully demanding it, he may be proceeded against just as promptly, and need not be proceeded against any more promptly than in case of failure by other persons to pay over that which they have no right to withhold.

*Judgment reversed.    All the Justices concur.*