## 48495. DENNIS v. CITY OF PALMETTO.

BELL, Chief Judge. The plaintiff sued the city for damages to his property caused by the erection of a water tank located near his property. The plaintiff admits that prior to the institution of this suit he did not give the defendant the ante litem notice required by Code Ann. § 69-308. However, he contends that his bringing a prior suit for a permanent injunction against the city to prevent the construction of the water tower constitutes substantial compliance with the Code and serves as the ante litem notice for this case. In this connection see *Dennis v. City of Palmetto,* 226 Ga. 853 (178 SE2d 161). *Held:*

The ante litem notice is required as a condition precedent to a suit against a municipality to recover for injuries to personal property. *City of Atlanta v. Frank,* 120 Ga. App. 273 (170 SE2d 265). The object of the ante litem notice is to enable the municipality to investigate the claim and determine whether the claim should be adjusted without suit or to contest its validity in the courts. *Kennedy v. Mayor &c. of Savannah,* 8 Ga. App. 98 (68 SE 652). The prior action for permanent injunction could not operate to serve as compliance with the statute. This case is a suit for damages. The prior equitable proceeding for injunctive relief could not serve as a pre-litigation notice to the municipality that a claim for money damages was being asserted against it. Accordingly, the failure to comply with the statute requiring the ante litem notice is a fatal defect. The trial court properly dismissed the complaint on this ground.

*Judgment affirmed. Quillian, J., concurs. Deen, J., concurs in the judgment only.*

SUBMITTED SEPTEMBER 11, 1973 — DECIDED NOVEMBER 16, 1973.

*Scott Walters, Jr.,* for appellant.
*Frank G. Smith,* for appellee.