48826. LINCOLN PROPERTY COMPANY NO. 4 OF ATLANTA et al. v. STASCO PLUMBING, INC.

EVANS, Judge. Lincoln Property Company No. 4 of Atlanta, Georgia, a partnership, and Crow, Pope & Carter Construction Co., Inc., a general contractor, sued Stasco Plumbing, Inc. for damages. It was alleged that Lincoln owned an apartment building and that Stasco, while performing its plumbing subcontract on the building, negligently caused the building to be burned and virtually destroyed by fire during that time while it was still under construction.

A jury trial was held, but the lower court directed a verdict for defendant at the close of plaintiff's evidence. Judgment was entered on the verdict, and plaintiff appeals. *Held:*

1. The trial judge felt that no direct proof had been offered to show that defendant caused the fire; and that the evidence raised only a mere conjecture that defendant caused same. Expert testimony was offered by a fire marshal who was on the scene within a few minutes after the alarm was given and also on the next morning, at which time he made an investigation as to the cause of the fire. He testified that he found only two sources from which the fire could have originated, to wit: the plumbing company's sweating of joints with plumbing torches inside the building; and trash fires or warming fires that had been used in the area outside of the building.

There was circumstantial evidence that the fire started inside the building; there was also evidence that Prestolite torches used by the plumbing company could have caused the fire.

In *Kilgore v. Nasworth,* 124 Ga. App. 261, 262 (6) (183 SE2d 481) (the record shows the trial judge considered this case in making his decision as to a directed verdict for defendant), there was no direct proof that defendants caused the fire, but there was circumstantial evidence to so indicate. In that case this court approved the trial judge's charge to the jury in this language: "The evidence must be sufficient to establish a reasonable inference that the fire originated as claimed by the plaintiffs, and that if it raises only a mere conjecture as to whether the fire was or was not so occasioned, no recovery could be had." But in the *Kilgore* case, supra, the trial judge let the case be decided by a jury. In the first headnote it is held that the evidence does not *demand judgment against defendants* as to liability; and that the evidence was insufficient to show that the *defendants alone* caused the loss (fire). Of course, if the defendants *and others* caused the fire, defendants could have been held liable. But the solution of the factual questions as to negligence, circumstantial evidence as to negligence, whose negligence, etc., was in the *Kilgore* case left to the jury. In the case now under consideration the trial judge decided the question of negligence and refused to allow the jury to decide such factual issues.

There was circumstantial evidence in this case from which the jury could have found that the fire started inside the building, and thus the warming or trash fires outside the building, did not cause same. The fire marshal's expert testimony, which the jury was authorized to believe (*Ocean Accident &c. Corp. v. Lane,* 64 Ga. App. 149 (1) (12 SE2d 413)), would have authorized the jury to find that the only two sources for the starting of the fire was the act of the plumbing company in sweating the joints with the torches inside the building, or the warming fires; and, to repeat, they could have ruled out the warming fires because they were outside the building, and the circumstantial evidence authorized a finding that the fire started on the inside of the building.

The jury should have been allowed to decide the case, and the directing of verdict for defendants was error, requiring the grant of a new trial.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 10, 1974 — DECIDED FEBRUARY 4, 1974.

*Alston, Miller & Gaines, Michael A. Doyle, Ben F. Johnson, III,* for appellants.

*Neely, Freeman & Hawkins, William G. Tabb, III,* for appellee.