## 50516. LARYMORE v. BRUSH & COLLIER BUILDERS.

EVANS, Judge.

Brush & Collier Builders, Inc. employed Cecil C. Larymore to perform certain electrical work in the construction of a house. The house caught on fire which resulted in considerable fire damage. The builder sued the electrician. Plaintiff contended defendant negligently performed his contract by incorrectly wiring the hot water heater, which caused the fire damage to the dwelling. Defendant denied that he negligently wired the hot water heater. Trial was had and a verdict was entered in favor of the plaintiff; a motion for new trial was filed and denied, and defendant appeals. *Held:*

1. Defendant's sole complaint is that plaintiff did not prove that he personally did the wiring; that an agent of defendant might have done the wiring, hence the evidence is insufficient to support the verdict. But the question here on appeal is whether there is any evidence to support the verdict. See *Titshaw v. Carnes,* 226 Ga. 430 (175 SE2d 541); *Schuster v. Schuster,* 221 Ga. 614 (146 SE2d 636); and cases cited in these authorities. The evidence must be construed in the light most favorable toward upholding the verdict returned by the jury. *Reville v. Sullivan,* 93 Ga. App. 23 (90 SE2d 609).

2. There was no burden or duty upon plaintiff to prove that defendant *personally* did the wiring. If an agent of defendant did the wiring, and did it negligently and caused the fire and subsequent damage, the defendant would have been liable just as if he had himself installed the improper wiring. See Code § 105-108.

3. Defendant admitted that he was employed to perform the wiring, and testimony of an expert was that in his opinion from examination of the house the cause of the fire was the circuit to the hot water heater which had been improperly wired. The evidence was sufficient to authorize the jury to determine defendant incorrectly wired the hot water heater, and thereby caused the fire damage. The damage was proven by other testimony as to the necessary repairs to the dwelling caused by the fire. See in this connection the recent cases of *Kilgore v. Nasworthy,* 124 Ga. App. 261, 262 (6) (183 SE2d 481); and *Lincoln Property v. Stasco Plumbing,* 130 Ga. App. 767, 768 (204 SE2d 449), as to the sufficiency of the evidence to create jury issues as to causes of fire damage.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED APRIL 9, 1975 — DECIDED MAY 19, 1975.

*Bobby G. Beazley,* for appellant.

*Nixon, Yow, Waller & Capers, John B. Long,* for appellee.