## 56663. SAVANNAH INN-TOWNER MOTOR INN, INC. v. McCAULEY.

SHULMAN, Judge.

Appellee-tenant brought suit to recover damages allegedly arising from a breach of a lease agreement. Appellant-landlord denied liability and counterclaimed for rent. This appeal follows a judgment entered on a jury verdict in the amount of $6,500 in favor of the tenant. We reverse the judgment.

1. Appellant contends that the court erred in failing to grant its motion for mistrial, which motion was made following allegedly improper remarks by appellee's counsel on opening argument. As a complete transcript of the remarks and their context does not appear in the record, this court will not review the asserted errors. *Diana v. Monroe,* 132 Ga. App. 669 (3) (209 SE2d 70).

2. Appellant has no standing to assert that the court erred in directing a verdict in favor of co-defendant Lynes Realty Company.

A defendant in a multiparty action, not on a joint cause of action, cannot complain of the direction of a verdict in favor of another defendant. *Wilhite v. Mays,* 140 Ga. App. 816 (1) (232 SE2d 141) and cits. therein, affd. 239 Ga. 31 (235 SE2d 532). As to the meaning of joint causes of action, see generally *Allen v. Arthurs,* 106 Ga. App. 682 (3) (127 SE2d 819); *Edwards v. Gulf Oil Corp.,* 69 Ga. App. 140 (24 SE2d 843).

3. Contrary to appellant's contentions, a verdict was not demanded in its favor simply because appellee admitted that rent had not been paid.

Sufficient evidence was presented which would have authorized a finding that no rent was owing because damages sustained as a consequence of the landlord's failure to repair exceeded the rent claimed to be due. *Guthman v. Castleberry,* 48 Ga. 172; *Williamson v. May,* 44 Ga. App. 532 (162 SE 162). This being so, it cannot be said as matter of law that appellant was entitled to the rent claimed, and the motion was properly denied. See *Young v. Wiggins,* 229 Ga. 392 (1) (191 SE2d 863), holding that on appeal all the evidence presented is to be considered in ruling on the propriety of the denial of a

motion for directed verdict.

4. In a number of related enumerations of error, appellant attacks the verdict of $6,500 as being without evidentiary support. We agree.

A thorough review of the trial transcript and exhibits shows no evidence to support the verdict as rendered. Appellee's testimony that he had invested approximately $7,000 to open for business is unsubstantiated by precise data and lacks the proper foundation upon which a judgment may rest. See, e.g., *Tri-State Systems v. Village Outlet,* 135 Ga. App. 81 (2) (217 SE2d 399). Appellee's estimate that the value of his labor was approximately $700-800 per month is subject to the same criticism. See also *Copeland v. Tyus & Prevatt,* 21 Ga. App. 485 (2) (94 SE 633).

Ledger sheets showing operating expenses, preparation expenditures, etc., and testimony of the CPA who prepared them do not substantiate the verdict in the amount of $6,500; neither would testimony as to lost profits support the verdict, even assuming such lost profits were capable of proof. But see *Molly Pitcher Canning Co. v. Central of Ga. R. Co.,* 149 Ga. App. 5, Division 4, involving a plaintiff seeking to recover lost profits in a tort action. Accordingly, as the verdict is without evidentiary support, the judgment entered thereon must be reversed.

5. Remaining enumerations have been abandoned.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 10, 1978 — DECIDED FEBRUARY 9, 1979 — REHEARING DENIED MARCH 2, 1979.

*J. Hamrick Gnann, Jr., Michael J. Gannam,* for appellant.

*H. G. Okhuysen,* for appellee.

*G. Terry Jackson,* amicus curiae.