### 60198. McDANIEL et al. v. ANDERSON.

CARLEY, Judge.

Appellee-Anderson, plaintiff below, filed suit against several defendants including appellant-McDaniel, a repossessor for Southeast Locator, Inc., and appellant-M. E. Wilkins, Justice of the Peace for the 499th Militia District. Anderson's complaint sounded in tort and alleged that Wilkins knowingly and intentionally issued a warrant for the arrest of appellee in violation of Wilkins' legal authority as a Justice of the Peace, and that such illegal act resulted in the false imprisonment of appellee. Anderson also sought damages for injuries allegedly sustained as a result of an assault and battery upon his person. The jury returned a verdict in favor of Anderson and against the appellants, jointly and severally, in the amount of $5,000 actual damages and $15,000 punitive damages. Both McDaniel and Wilkins appeal from the judgment entered on the aforesaid jury verdict. Of the original defendants, only Wilkins and McDaniel remain parties on appeal.

On appeal, appellants urge that the trial court erred in improperly commenting on the evidence and in denying their motions for directed verdict. Also, appellants enumerate error in connection with a portion of the trial court's charge.

1. The record reveals that Wilkins' motion for directed verdict at the close of all the evidence was based upon appellee's failure to give notice pursuant to Code Ann. § 24-701 which provides that "[n]o suit shall be brought against any justice for anything done by him in the execution of his office, until notice in writing shall have been given to him, or left at his usual place of abode, one calendar month before institution of suit." The notice requirement of Code Ann. § 24-701 is analogous to the ante litem notice provisions of Code Ann. § 69-308 pertaining to suits against municipal corporations for injury to person or property. Such ante litem notice is a condition precedent to bringing the action. *Chiles v. City of Smyrna,* 146 Ga. App. 260, 263 (246 SE2d 117) (1978); *Dennis v. City of Palmetto,* 130 Ga. App. 242 (202 SE2d 717) (1973). Likewise, the notice requirement of Code Ann. § 24-701 is a condition precedent for a suit against a justice of the peace for anything done by him in the execution of his office. See *Collins v. Granniss,* 67 Ga. 716 (1881); *Cochran v. Jackson,* 135 Ga.

375 (69 SE 539) (1910). Compare *Christopher v. Nixon,* 134 Ga. 7 (67 SE 406) (1909).

A review of the entire record in the instant action reveals that Anderson did not plead the giving of notice contemplated by Code Ann. § 24-701. Nor did Anderson attempt during the trial to introduce any evidence that showed compliance with the notice requirement. On the other hand, appellant Wilkins did not raise the issue of lack of notice in his defensive pleadings. However, Wilkins did testify on direct examination, without objection, that he had not been given any notice by Anderson or anyone else with regard to any prospective claim against him arising from the events pertinent to this action. Accordingly, the issue of lack of notice required by Code Ann. § 24-701 was properly raised by appellant Wilkins during the course of the trial and was uncontested and unrebutted by Anderson. Compare *Horton v. City of Macon,* 144 Ga. App. 380 (1) (241 SE2d 311) (1977). Appellee's argument that Code Ann. § 24-701 is unconstitutional cannot be considered by this court as the question was not properly raised in the trial court. *Lockaby v. City of Cedartown,* 151 Ga. App. 281 (259 SE2d 683) (1979); *Henson v. Columbus Bank & Trust Co.,* 144 Ga. App. 80 (4) (240 SE2d 284) (1977). Consequently, the issue of lack of notice having been raised in the trial court and there being no evidence of the giving of the requisite notice contemplated by Code Ann. § 24-701, the trial court erred in denying appellant Wilkins' motion for directed verdict and, upon remand, judgment should be entered in his favor. This conclusion makes it unnecessary for us to consider the remaining enumerations of error advanced on behalf of Wilkins.

2. In McDaniel's first enumeration of error he contends that the trial judge improperly commented on the evidence in violation of Code Ann. § 81-1104. The record shows that upon cross-examination, one of the original defendants was queried as to the circumstances under which he first met Anderson. The witness replied that he met Anderson when he served a warrant on him (Anderson). Following the aforesaid testimony, the trial judge posed this question to the witness: "What you are saying is you served him with a paper, is that right?" Appellant contends that by virtue of the foregoing question, the trial judge inferred or insinuated that in his opinion the warrant in question was not valid.

Initially we observe that the trial court has a right to propound questions to any witness in order to develop fully the truth of a case. *Eubanks v. State,* 240 Ga. 544 (2) (242 SE2d 41) (1978); *Gillis v. Bowman,* 132 Ga. 762 (1) (64 SE 1096) (1909); *A. K. Adams & Co. v. Homeyer,* 87 Ga. App. 301, 303 (2) (73 SE2d 581) (1952). Furthermore, even if the trial court's questioning of the witness did

constitute an improper comment on the evidence, such conduct does not constitute reversible error because McDaniel did not move for a mistrial or interpose any objections to the questions propounded by the trial judge. *Turnbow v. State,* 153 Ga. App. 479 (1) (265 SE2d 832) (1980); *State v. Griffin,* 240 Ga. 470 (241 SE2d 230) (1978). Therefore, this enumeration is without merit.

3. In his second enumeration of error, McDaniel asserts that the trial court erred in overruling his motions for directed verdict which were made at the close of plaintiff's case and again at the close of all the evidence. In each instance the basis for such motion was that the plaintiff failed to make out his case.

The refusal of a trial court to direct a verdict is error only when there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a verdict for the movant. Code Ann. § 81A-150 (a); *Curl v. First Federal Savings & Loan Assn.,* 243 Ga. 842 (257 SE2d 264) (1979). The evidence in this case did not demand a verdict for McDaniel and the jury was authorized under the evidence presented to find that it preponderated in favor of the plaintiff. Therefore, there is no merit in this enumeration.

4. In his third enumeration of error, McDaniel argues that the trial court incorrectly instructed the jury as to the measure of damages. We cannot consider the alleged error in the charge because the transcript reveals that at the trial McDaniel failed to make any objection to the portion of the trial court's instructions now challenged on appeal. Code Ann. § 70-207 (a); *Whitman v. Burden,* 155 Ga. App. 67 (1980).

5. There being no reversible error for any reason assigned by McDaniel, the judgment entered on the verdict in favor of Anderson is affirmed as to McDaniel.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Shulman, J., concur.*

Argued July 9, 1980 — Decided<br>October 3, 1980.

*Hugh Nations,* for appellants.
*David L. Harrison, E. Marcus Davis,* for appellee.