66602. WILMINGTON CABINET COMPANY, INC. v. AUTRY.

SOGNIER, Judge.

William O. Autry sued Wilmington Cabinet Company, Inc. (Wilmington) and John Filyaw, d/b/a Servpro of Savannah (Filyaw) to recover for fire losses at his residence allegedly caused by the negligent installation of a kitchen vent hood. After a 1974 kitchen fire in his home, Autry contracted for certain repairs with Filyaw, who contracted in turn with Wilmington for the replacement of a damaged vent hood and cabinets. The 1975 fire that is the subject of the instant action occurred some 18 months later and caused extensive damage. Autry alleged in his complaint and sought to show by expert testimony that in its installation of the vent hood, Wilmington pinched a wire that eventually caused the fire. The case went to trial by jury, and at the close of the evidence, the trial court granted Filyaw's motion for a directed verdict. Thereafter, the jury returned a verdict in favor of Autry. Wilmington appeals.

1. Appellant raises several enumerations of error challenging the sufficiency of the evidence, contending that the trial court erred in denying its motion for a directed verdict and in denying its motion for judgment notwithstanding the verdict made alternatively with a motion for a new trial. Appellant contends that there was no evidence that an employee of Wilmington connected the necessary wires to the vent hood and no evidence that negligence on the part of Wilmington caused the fire.

A. While there was great conflict in the evidence as to the circumstances of installation and wiring of the vent hood, it was undisputed that a Wilmington employee mounted the vent hood in appellee's kitchen. Further, there was some evidence from which the jury could find that Wilmington also performed the wiring necessary to the installation of the hood. Wilmington denied that its employees perform such electrical work. However, circumstantial evidence was presented showing that the Wilmington employee who mounted the hood knew how to wire it, that no electrician was ever called in to do

the wiring of the hood, that neither Filyaw nor his employees nor anyone other than Wilmington participated in the installation of the hood, and that after the Wilmington employee or employees (there being a conflict in the testimony as to the number) left the Autry residence on the day the vent hood was mounted, the wiring necessary to the hood's operation had been completed.

"The refusal of a trial court to direct a verdict is error only when there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a verdict for the movant. [Cits.] The evidence in this case did not demand a verdict for [appellant] and the jury was authorized under the evidence presented to find that it preponderated in favor of the [appellee]." *McDaniel v. Anderson,* 155 Ga. App. 942, 944 (3) (274 SE2d 56) (1980). See *Weatherspoon v. K-Mart Enterprises,* 149 Ga. App. 424, 428 (3) (254 SE2d 418) (1979).

Further, " '[w]here there is conflicting evidence, or there is insufficient evidence to make a "one-way" verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. And this approach governs the actions of appellate courts as well as trial courts.' [Cit.]" *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 159 (256 SE2d 916) (1979). "[T]he motion for judgment n.o.v. may be granted only when, *without weighing the credibility of the evidence,* there can be but one reasonable conclusion as to the proper judgment." (Emphasis supplied.) Id.

As there was some evidence supporting the verdict and the contrary evidence did not demand a verdict for appellant the trial court did not err in denying appellant's motion for judgment n.o.v. and for a new trial. Id.

B. Appellant contends that the extensive fire damage to the house prevented any determination as to the cause of the fire so that the opinion of appellee's expert witness was mere speculation and insufficient to authorize the jury to find that the fire was caused by a pinched wire in the vent hood.

Appellee's expert witness, Hill, was a consulting engineer and licensed master electrician shown to be knowledgeable and experienced in the investigation and analysis of fires. Hill testified that the *ignition source of the fire* was the electrical arcing that occurred between an energized vent hood wire and the wiring cover of the hood. Hill traced the burn pattern in the house and identified the area of the most intense burning as the location of the vent hood. He stated his determination that the fire was not caused by the house wiring, other appliances, or other possible fire sources. Hill described

the electrical arcing phenomenon in detail and offered photographs to demonstrate the arcing that had occurred on the vent hood wiring and on the edge of the wiring box cover of the vent hood. He testified that the internal wiring of the vent hood was still there after the fire. Hill's opinion, given without equivocation, was that a vent hood wire was caught by the sharp edge of the wiring box cover during the installation process. This caused a long-term cutting type of pressure, or pinching of the wire exacerbated by the vibrations from the hood fan. Eventually the insulation covering the wire wore away until the energized wire came into contact with the box cover and arcing occurred.

"[Hill] fully described his investigation and analysis of the fire, basing his conclusions and opinions on principles of electrical engineering and facts he observed and interpreted in the debris of the fire. . . . [A] fire naturally tends to burn out its own tracks and thus there will generally be some speculation by an expert testifying as to the anatomy and cause of a fire; but where his opinion testimony is based on observed facts the testimony is competent evidence, and its weight, insofar as how speculative it may be, is to be determined by the jury." *Johnson v. Fowler Elec. Co.,* 157 Ga. App. 319, 322 (277 SE2d 312) (1981).

As the whole of the expert's testimony constitutes evidence from which the jury could have found that appellant's negligence caused appellee's damages, the trial court did not err in denying appellant's motion for a directed verdict or in overruling appellant's motion for judgment n.o.v. or for a new trial. See *Larymore v. Brush &c. Bldrs.,* 134 Ga. App. 863, 864 (3) (216 SE2d 683) (1975). See also *Johnson,* supra at 321; *Lincoln Property v. Stasco Plumbing,* 130 Ga. App. 767, 768 (204 SE2d 449) (1974).

2. Appellant raises several objections to the trial court's granting of Filyaw's motion for a directed verdict.

"A defendant in a multiparty action, not on a joint cause of action, cannot complain of the direction of a verdict in favor of another defendant. [Cits.]" *Savannah Inn-Towner &c. v. McCauley,* 149 Ga. App. 209 (2) (253 SE2d 796) (1979). See *Wilhite v. Mays,* 140 Ga. App. 816 (1) (232 SE2d 141) (1976), aff'd 239 Ga. 31 (235 SE2d 532) (1977). Appellant urges that a joint cause of action was made out by appellee's amended complaint alleging that Filyaw was negligent as a general contractor for failing to inspect the work of its subcontractor, appellant. We do not agree.

While Filyaw and appellant were sued jointly under the amended complaint, it was not on a joint cause of action. See *Allen v. Arthurs,* 106 Ga. App. 682, 683 (3) (127 SE2d 819) (1962); *Edwards v. Gulf Oil Corp.,* 69 Ga. App. 140 (1) (24 SE2d 843) (1943). Compare

*Johnson v. Motor Contract Co.,* 186 Ga. 466 (1) (198 SE 59) (1938). Thus, appellant has no standing to assert that the trial court erred in directing a verdict in favor of Filyaw. *Savannah Inn-Towner,* supra.

3. Appellant further complains that because the trial court dismissed Filyaw from the case, appellant's defense based upon Filyaw's acceptance of the work, see OCGA § 51-2-5 (6) (Code Ann. § 105-502), was prejudiced and that a factual question as to this defense was erroneously kept from the jury.

This defense was raised in this court only, appellant having raised no contentions as to this issue in the trial court, and appellant's enumerations do not require an answer. See *Deal v. Dickson,* 231 Ga. 366, 367 (1) (202 SE2d 41) (1973); *Williams v. First Bank &c. Co.,* 154 Ga. App. 879, 884 (6) (269 SE2d 923) (1980); *Phillips v. State Farm &c. Ins. Co.,* 121 Ga. App. 342, 347 (173 SE2d 723) (1970). Notwithstanding this deficiency, we see no prejudice to appellant. Whether the contractor, Filyaw, was in or out of the case, the issue could have been properly raised and the court requested to instruct the jury thereon. See, for example, *Hawkins v. Turner,* 166 Ga. App. 50 (3) (303 SE2d 164) (1983); *Johnson v. Fowler Elec.,* supra at 322. However, neither of these actions was taken by appellant and its contentions of error are without merit.

4. Appellant contends that the trial court erred in failing to give two of its requested charges. The parties agreed to a general objection to the trial court's failure to instruct on those charges that were requested but not given. See *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8, 14 (2) (195 SE2d 417) (1973). Appellant refers us to two such charges in the record; however, there is no indication that appellant was the party requesting these charges. See generally OCGA § 5-5-24 (b) (Code Ann. § 70-207). Nevertheless, we have reviewed the record and transcript and determined that the trial court's instruction to the jury substantially covered those principles of law contained in appellant's charges that were applicable to the facts. *Harper v. Samples,* 164 Ga. App. 511, 514 (5, 6) (298 SE2d 29) (1982). The trial court correctly omitted those portions of the requested charges that were without evidentiary support. "A charge which is not applicable to the facts should not be given. [Cit.]" *Todd v. State* 149 Ga. App. 574, 575 (2) (254 SE2d 894) (1979).

5. We have considered appellant's remaining enumerations of error and determined that they are without merit.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 29, 1983.

*David H. Fritts,* for appellant.
*Andrew J. Hill III, Morton G. Forbes,* for appellee.