**Patricia KANE, for herself and for all other women similarly situated, Plaintiff,**

**v.**

**Ben FORTSON, Individually and in his capacity as Secretary of State and Chairman of the State Election Board of Georgia, et al., Defendants.**

**Civ. A. No. 19093.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 28, 1973.

Laughlin McDonald and Neil Bradley, Atlanta, Ga., Sara E. Green, League of Women Voters, Education Fund, Inc., Washington, D. C., Emily Carssow and Morris Brown, Atlanta, Ga., for plaintiff.

H. Andrew Owen, Jr., Asst. Atty. Gen., Atlanta, Ga., for defendants.

Before BELL, Circuit Judge, and MOYE and O'KELLEY, District Judges.

## CONSENT ORDER

This action challenges the constitutionality of Georgia Code §§ 79–403, 79–407, and 34–632 insofar as they deny a married woman in Georgia the right to establish a domicile and residence for voting purposes independent of that of her husband. Plaintiff contends that these code sections operate in violation of the first, fourteenth and nineteenth amendments of the Constitution of the United States.

On October 4, 1973, this Court granted plaintiff a temporary restraining order to permit her to register and vote in the November 6, 1973, election in Albany, Georgia, notwithstanding the fact that plaintiff's husband claimed a domicile and voted in the state of New Jersey. A three-judge court was ordered convened, and a hearing on the request for a permanent injunction and declaratory relief was scheduled for January 2, 1974.

▉ It appearing that the parties have now reached an agreement as to the enforcement of the challenged code sections, the following is entered, with the consent of all parties, as the order of the Court:

(1) This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1343 (3) and (4), 2201, 2202, 2281 and 2284 and 42 U.S.C. §§ 1983 and 1988.

(2) The letters attached to plaintiff's Response to Defendants' Motion to Dismiss show that there is a class of married women who are affected by the challenged operation of Georgia Code §§ 79–403, 79–407 and 34–632. Plaintiff is a proper representative of that class, under Rule 23, Fed.R.Civ.P.

(3) Defendant members of the Board of Registrars of Dougherty County, Georgia, are proper class representatives of all members of Boards of Registrars throughout Georgia.

(4) The joint operation of Georgia Code §§ 79–403, 79–407, and 34–632, in so far as it establishes an irrebuttable presumption that the domicile and residence of a married woman is that of her husband, and thereby prevents her from registering to vote in Georgia, violates the nineteenth amendment of the Constitution of the United States.

(5) Defendants, their agents, employees, servants, attorneys, and those

persons in active participation with them are hereby enjoined from enforcing Georgia Code §§ 79–403, 79–407 and 34–632 so as to deny a married woman who is domiciled in Georgia independent of the operation of § 79–403 the right to register and vote in Georgia.

(6) Defendants will bear costs of $105.21.

(7) This action is hereby dismissed.