Kevin C. **MUDD** and Jerry Whitlow, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Hermann F. **BUSSE** et al., Defendants.

Civ. No. F 75–12.

United States District Court, N. D. Indiana, Fort Wayne Division.

Aug. 12, 1975.

Ivan E. Bodensteiner, Valparaiso, Ind., Seymour Moskowitz, Linda Moskowitz, Gary, Ind., Joseph J. Levin, Jr., Morris S. Dees, Jr., Montgomery, Ala., Richard C. Ver Wiebe, Fort Wayne, Ind., for plaintiffs.

Stephen D. Long, Fort Wayne, Ind., for Hermann F. Busse.

Arthur M. Small, Deputy Atty. Gen., Indianapolis, Ind., for Dave Campbell & Lloyd M. Allen.

## MEMORANDUM OF DECISION AND ORDER

ESCHBACH, Chief Judge.

This cause is now before the court on the following motions:

1. Plaintiffs' motion for determination of plaintiff and defendant classes filed February 20, 1975.

2. Defendants Campbell and Allen's motion to dismiss the complaint filed March 18, 1975.

3. Defendant Busse's motion to dismiss and to strike filed March 19, 1975.

By order of this court, entered May 7, 1975, discovery was limited to the class action issues, pending judicial determination of the propriety of the maintenance of this cause on a class action basis. By that same order, the court set this cause for hearing on the pending motions. The parties were invited and directed to present evidence and oral argument on the class action issues, and oral argument on the motions to dismiss and to strike. That hearing was held at 9:30 a. m., on June 10, 1975, in the United States District Court at Fort Wayne, Indiana. At that hearing, counsel for all parties were in attendance and were given full opportunity to present evidence and oral argument pursuant to the May 7, 1975 order.

For reasons set forth below, the plaintiffs' motion for determination of defendant and plaintiff classes will be granted in part and denied in part. This cause will not be certified to proceed on a class action basis as to the defendant class. This cause will be conditionally certified to proceed on a class action basis in regard to a plaintiff class as redefined herein. In light of the court's ruling on the class action issue, it will not be necessary to pass on the motion to dismiss of the defendant Allen. The motion to dismiss the defendant Campbell will be granted. The motion of the defendant Busse to dismiss and to strike will be granted in part and denied in part.

The named plaintiffs in this cause are pre-trial detainees. They are incarcerated prior to trial pursuant to order setting bail in their cases of the defendant Busse, Judge of the Circuit Court of Allen County, Indiana. Plaintiffs seek to maintain this cause as a class action on behalf of a class of plaintiffs defined as "all persons in Indiana who have been, who are, or who will be charged with a criminal offense and incarcerated prior to their conviction solely on the basis of their inability to pledge resources or pay

bond sufficient to secure their release." Plaintiffs further seek to maintain this action as a class action against a defendant class, represented by the named defendant Busse, defined as "all judicial officers in the State of Indiana who have, who are or who will deny release to individuals charged with a criminal offense prior to conviction solely on the basis of their inability to post bond." Also joined as named defendants are the defendant Campbell, in his capacity as the Executive Secretary of the Judicial Conference of Indiana, and the defendant Allen, in his capacity as the Insurance Commissioner of Indiana.

The complaint alleges that in Allen County, Indiana, a person charged with commission of a criminal offense may be released on his own recognizance, prior to trial, after being processed by the Bail Services program of the Allen Superior Court. It is alleged that pursuant to the Bail Services program, all individuals charged with misdemeanor and preliminary felony offenses (with a few exceptions such as murder) are interviewed by the Bail Services staff shortly after arrest. Bail Services then arrives at a recommendation to the Superior Court Judge involved concerning release of the accused on his own recognizance. The Bail Services staff develops their recommendations after investigation and inquiry into such factors, concerning the individual person, as (1) permanency in the area, (2) family ties, (3) employment, (4) characters, (5) prior criminal record, and (6) previous performance while released on bail. Once released on his own recognizance, pursuant to the recommendation of the Bail Services staff, the accused is required to report to Bail Services at least once per week, and further inquiry into his personal circumstances is made.

The complaint in this case alleges, however, that if criminal charges are filed in Allen Circuit Court, a court with some overlapping jurisdiction with the Superior Court, the accused is not given opportunity to participate in the Bail Services program. It is alleged that the defendant Busse does not participate in the Bail Services "own recognizance" program. The named plaintiffs in this cause are persons accused of crimes and incarcerated prior to trial pursuant to order of Judge Busse setting bail. It is further alleged as to both plaintiffs that when they appeared in circuit court and requested a reduction in the amount of bail set in their respective cases, they were informed that if bail was reduced and it was met, then a public defender would not be appointed for them. Accordingly, it is alleged, both named plaintiffs have been financially unable to pledge resources sufficient to meet the bail as set and have consequently been incarcerated in the Allen County Jail prior to their respective trial dates.

The complaint asserts causes of action arising under 42 U.S.C.A. § 1983, and directly under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. In particular, the complaint alleges violations of the constitutional guarantees of due process of law and equal protection of the laws of all pre-trial detainees in the State of Indiana who are incarcerated prior to trial solely because of an inability to meet the amount of bail set in their individual cases.

In their briefs submitted on the pending motions, and in oral argument to the court, plaintiffs have made it clear that they are not challenging the constitutionality of the state laws providing for the setting of bail, *Ind.Code* § 35–1–18–1, the methods by which it may be posted, *Ind.Code* § 35–4–5–33, and the setting of bail schedules by judicial officers on the first day of each term of court, *Ind.Code* § 35–1–17–5. Plaintiffs acknowledge that judicial action setting bail in a manner consistent with constitutional guarantees is possible within the governing state law framework. Additionally, it was made clear at oral argument, plaintiffs are not launching

an attack on the practices involved which is premised on the contention that it would never be constitutionally permissible to hold a pre-trial detainee in lieu of his meeting bail set in an amount which he is financially unable to meet. Plaintiffs recognize an important state interest which is served by the system of pre-trial detention and bail—ensuring that persons accused of crimes appear for trial. *See, Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).

Instead, the legal basis of the complaint rests on the fact that there is involved in pre-trial detention a rather obvious deprivation of a fundamental right —that personal liberty guaranteed to all persons by the Fourteenth Amendment. Accordingly, plaintiffs contend the state must, in pursuing the legitimate state objective, use means which under the circumstances of the individual case are the *least restrictive* possible in terms of deprivation of that liberty. This is said to require release of an accused person on his own recognizance prior to trial where, under the specific circumstances of the individual case, there exists little risk of nonappearance at trial. It would require in other instances the setting of bail at a level which is as low as possible and consistent with minimizing the risk of nonappearance. Such determinations are said to require inquiry into the specific facts and circumstances concerning the individual accused and development of information reasonably calculated to allow a "least restrictive alternative" calculation. *See, e. g., Ackies v. Purdy,* 322 F.Supp. 38 (S.D.Fla.1970).

## I.  *CLASS ACTION ISSUES*

Plaintiffs have defined the defendant class as all judicial officers in Indiana who deny release prior to trial to individuals charged with a criminal offense "solely on the basis of their inability to post bond." In light of the constitutional theory described above, plaintiffs evidently intend to include in the defendant class all judicial officers who abuse

their discretion by setting bail at amounts in excess of that reasonably required in light of the specific circumstances of the individual case. Additionally, and more importantly, plaintiffs intend to include in the defendant class any judicial officers who in effect illegally refuse to exercise their discretion in setting bail. It is alleged they do so by failing to inquire into the specific circumstances of the individual case, and instead set bail solely according to a fixed schedule.

The proposed definition of the defendant class is somewhat deceptive, however. Prior to the hearing, the court was concerned with the defendant class definition, particularly in regard to whether it was specific enough to allow ascertainment of whether any given individual fell within its bounds. It became clear at the hearing, however, that plaintiffs intend the defendant class initially to consist of *all judicial officers empowered to set bail in the State of Indiana.* Plaintiffs' counsel admitted a lack of knowledge or evidence as to which specific state judicial officers can fairly be charged with general violation of constitutional standards in their bail setting practices. Counsel argued, however, that all state judicial officers should initially be included in the defendant class. Thereafter, as discovery in this cause addressed to individual members of the defendant class clarified to the plaintiffs which individual judges were in plaintiffs' opinion guilty of constitutional transgressions in their bail setting practices, then the dimensions of the defendant class could accordingly be refined.

There is certainly a substantial question as to whether this general approach to litigation and inclusion of a defendant class could ever be sanctioned under Rule 23 and the Federal Rules of Civil Procedure generally. The court need not pass on the question in the abstract, however, as this cause in regard to the purported defendant class clearly fails to

meet several of the specific requirements of Rule 23.

In order for any action to be maintained as a class action, as to either a plaintiff or defendant class, the four requirements of Rule 23(a) must be met. The court finds that the latter two requirements of 23(a), that the claims or defenses of the representative parties be typical of the claims or defenses of the class, and that the representative parties will fairly and adequately protect the interests of the class, are not met in regard to the defendant class. Further, in order for any action to be maintained as a class action, the class must fall within one of the categories of Rule 23(b). The court finds that none of the categories of Rule 23(b) is applicable to the purported defendant class.

### Rule 23(a) Requirements

■ In cases where there has been an attempt to include in a single lawsuit large plaintiff and defendant classes, and to thereby include defendants against whom no named plaintiff had a personal cause of action, it has been held that there is a failure to meet the "cases and controversies" prerequisite to federal jurisdiction demanded by Article III of the Constitution. The reasoning is that named plaintiffs cannot use a procedural rule governing class actions to confer upon themselves standing, otherwise lacking, to sue individuals against whom they have no personal claim. *Weiner v. Bank of King of Prussia*, 358 F.Supp. 684 (E.D.Pa.1973). Other federal courts have simply held that, regardless of the standing issue, the named representatives of a broad plaintiff class do not have claims "typical" of the class in regard to members of a defendant class against whom the representatives have no personal claim. *LeMar v. H & B Novelty & Loan Company*, 489 F.2d 461 (9th Cir. 1973).[1]

The *LeMar* court did recognize that in certain instances, where all members of the defendant class were connected by a common "juridical link," a plaintiff class versus a defendant class suit could be appropriate, even though no named plaintiff would have personal claims against most members of the defendant class. Such "juridical links" would most often be found in instances where all

---

1. In the absence of any principled restraints on the use of Rule 23, whether arising from the doctrine of "standing," or read in as an element of the "typicalness" or some other requirement of Rule 23, there are few logical limits to an ever-expanding use of plaintiff class versus defendant class litigation. Each broader definition of a plaintiff class can be used to justify a broader defendant class and vice versa. As the size and scope of plaintiff class versus defendant class lawsuits expend, there increasingly must be concern that the federal courts may become employed in ways inappropriate to the nature of the judicial process. *See, LaMar v. H & B Novelty & Loan Company*, 489 F.2d 461 (9th Cir. 1973). Principled restraints on the use of Rule 23 for purposes of even larger plaintiff class versus defendant class litigation must be derived with some reference to the fundamental policies embodied in the "cases and controversies" demand of the Constitution.

[T]hose two words have an iceberg quality, containing beneath their surface simplicity submerged complexities which go to the very heart of our constitutional form of government. . . . In part those words limit the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process. And in part those words define the role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government.

*Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 1949–50, 20 L.Ed.2d 947 (1968).

It may be that requirements such as those providing for venue and *in personam* jurisdiction will also aid in limiting enormous plaintiff class versus defendant class litigation. *But cf., Research Corporation v. Pfister Associated Growers, Inc.*, 301 F.Supp. 497, 501 (N.D.Ill.1969), *appeal dismissed on other grounds sub nom., Research Corporation v. Asgrow Seed Co.*, 425 F.2d 1059 (7th Cir. 1970); *Appleton Electric Company v. Advance-United Expressways*, 494 F.2d 126, 140 (7th Cir. 1974) (dictum).

members of the defendant class are officials of a single state and are charged with enforcing or uniformly acting in accordance with a state statute, or common rule or practice of state-wide application, which is alleged to be unconstitutional. In such a case an action against the defendant class is simply a procedural alternative to challenging the constitutionality of a statute by suit against the state directly—a procedural device perhaps sometimes required by the legal fictions surrounding the interplay in the case law between the Eleventh Amendment and the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908). Certainly, the vast majority of the cases cited by the plaintiffs in support of their attempt to pit the plaintiff class against the defendant class in this case fit this legal mold. *E. g., Washington v. Lee,* 263 F.Supp. 327 (M.D.Ala.1966), *aff'd,* 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968) (plaintiff class of prisoners against defendant class of wardens and jailers charged with enforcing statutes relating to segregation of prisoners); *Samuel v. University of Pittsburg,* 56 F.R.D. 435 (W.D.Pa.1972) (plaintiff class of female students against several named state universities which followed identical rule for determining residency status). *See also,* for similar situations, *Lewis v. Baxley,* 368 F.Supp. 768 (M.D.Ala. 1973); *Pennsylvania Association for Retarded Children v. Pennsylvania,* 343 F.Supp. 279 (E.D.Pa.1972); *Union Pacific R.R. v. Woodahl,* 308 F.Supp. 1002 (D.Mont.1970); *Hadnott v. Amos,* 295 F.Supp. 1003 (Md.Ala.1968), *rev'd on other grounds,* 394 U.S. 358, 89 S.Ct. 1101, 22 L.Ed.2d 336 (1969); *cf., Rakes v. Coleman,* 318 F.Supp. 181 (E.D.Va. 1970).

This court finds that this paradigm situation for allowing a plaintiff class versus defendant class suit is not present in the case at bar. It is true that all members of the purported defendant class are judicial officers of the state. However, the class members are not charged with enforcing or adhering to an unconstitutional statute or common law rule. The constitutionality of the state law framework governing the judicial exercise of discretion involved is expressly not in issue. Rather, the defendant class members are charged with various individual policies concerning bail, and various abuses of discretion in setting bail in individual cases. The only common thread is that all such policies and abuses of discretion are alleged to be errors of constitutional magnitude. Under such circumstances a plaintiff class versus defendant class suit is not appropriate. There is no evidence or other showing that the claims of the representative plaintiffs against the representative defendant, which arise out of two specific instances of setting bail, are typical of the claims of most members of the plaintiff class against the members of the defendant class. It is conversely true that there is no showing that the defendant representative has defenses typical of those of the various defendant class members.

Indeed, there is affirmative indication to the contrary under the pleadings and oral argument in this cause. The representative defendant is alleged generally not to participate in the Bail Services program available in Allen County, Indiana. By the plaintiffs' own evidence presented at the hearing, Allen County is one of only three counties in the state which currently has such a program. Further, counsel for plaintiff stated at the hearing that plaintiffs did not seek a court order mandating the creation of such a program in all counties. Counsel acknowledged that an individual judge, acting in an individual case, is potentially able to comply with constitutional requirements in setting bail, even though unaided by a complementary referral program.

Further, the representative defendant is also charged in the complaint with advising the named plaintiffs that if their

bail were reduced, and they met it, they would not be appointed a public defender. These allegations certainly allow the inference, unrebutted by any evidence or argument presented at the hearing, that the claims against and defenses of the representative defendant are unlikely to be typical of those of most members of the purported defendant class.[2]

In the case of nontypical claims or defenses generally, the Rule 23 (a)(3) requirement shades over into the 23(a)(4) requirement of fair and adequate representation of the class. C. Wright & A. Miller, *Federal Practice and Procedure* § 1769 (1972). Particularly in the case of a defendant class representative, the court must be concerned with the possible effects of nontypical claims or defenses on the litigation posture of the representative and consequent effects upon the defense of the interests of the other class members. *Cf., Mintz v. Mathers Fund, Inc.*, 463 F. 2d 495 (7th Cir. 1972). Where there is indication that the representative may be particularly interested in a claim or defense unique to him or a subclass, the court is justified in denying class action certification on the grounds of inadequate representation. *Koos v. First National Bank*, 496 F.2d 1162 (7th Cir. 1974); *Air Line Stewards and Stewardesses Association v. American Airlines, Inc.*, 490 F.2d 636 (7th Cir. 1973), cert. denied, 416 U.S. 993, 94 S.Ct. 2406, 40 L.Ed.2d 773 (1974). This is particular-

ly true in instances where the class certification sought is not one pursuant to Rule 23(b)(3). In such circumstances there is no right on the part of individual members to opt out of the class and thereby protect themselves against possible inadequate representation of their particular claims or defenses. *Appleton Electric Co. v. Advance-United Expressways*, 494 F.2d 126 (7th Cir. 1974); *Air Line Stewards, supra.*

A separate and independent reason for rejecting this cause as a class action as to the defendant class on the ground of inadequate representation derives from the oral representations made by defendants' counsel at the hearing. There it was disclosed and not disputed that the Attorney General of the State of Indiana has disclaimed any responsibility for the defense of Judge Busse in this cause. Therefore, counsel represented, Judge Busse has been forced to personally retain private counsel for his defense in this cause. Under such conditions this court clearly cannot find assurance that the representative defendant will adequately protect the interests of the class. There is no showing in the record of ability or willingness on the part of the defendant Busse to bear the financial burden required to adequately litigate a complex class action lawsuit. In light of the discovery to be directed towards each individual member of the defendant class which is now anticipated by plaintiffs, it is clear that discovery

---

2. The court notes that a part of the legal wrong complained of in this cause, and a part of the declaratory relief sought, concerns the practice of accused persons paying a nonrefundable amount, [premium] equal to 10% of the bail set, to a bail bondsman in order to secure release prior to trial. Plaintiffs argue that a less restrictive alternative, which may actually enhance achievement of the legitimate state objective involved, would be to allow the accused to pay the 10% amount on a refundable basis directly into the court. Accordingly, plaintiffs seek declaratory relief to the effect that allowing accused persons this alternative is constitutionally compelled.

It is true that, as to this claim, the above-noted problems concerning the typicalness of the representatives' claims and defenses do not apply. Evidence was introduced at the hearing that in only one county in the State is this alternative procedure generally used. Therefore, this claim against the defendant class, challenging a more or less uniform practice, is much more analogous to the cited cases which allowed plaintiff and defendant classes because these in effect involved attacks on the constitutionality of state statutes or rules.

However, as to this claim, the difficulties described below concerning the adequacy of representation of the defendant class remain.

costs alone would be of a magnitude much larger than any which this court could assume the representative of the defendant class would be willing and able to bear.

### Rule 23(b) Requirements

Additionally, the court finds that this action in regard to the purported defendant class does not properly fall within any of the categories of Rule 23(b). The most likely category, that of 23(b)(3), was expressly disclaimed by plaintiffs' counsel. Plaintiffs do not wish to bring this action against the defendant class pursuant to Rule 23(b)(3) because class members would have an absolute right to opt out of the class.

■ Plaintiffs first argue that the defendant class falls within the 23(b)(1)(B) category that adjudication with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. The court rejects this argument. Adjudication of the legal merits of this cause against Judge Busse will no more be dispositive of the interests of the other state judicial officers than any adjudication by virtue of its precedential effect is "dispositive" of the interests of other members of society interested in the rule of law at issue in the particular case. As the court in *LaMar, supra,* noted, to permit the simple precedential value of an individual action to supply the necessary elements "would make the invocation of Rule 23(b)(1)(B) unchallengeable."

Alternatively, plaintiffs argue that the defendant class falls within the Rule 23(b)(2) category—that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole. Plaintiffs argue that the parties opposing the class—in the case of the defendant class, the plaintiff class of pre-trial detainees —have acted or refused to act on grounds generally applicable to the class; *i. e.,* have been financially unable to meet the amount of bail set and, therefore, have remained as pre-trial detainees.

■ Certainly, a defendant class justified on such grounds does not appear to be fairly intended by the rule. The wording of Rule 23(b)(2) is awkward in application to any defendant class. *See,* 3B J. Moore, *Federal Practice* ¶ 23.40 n.17 (Supp.1973). The rule seems to contemplate injunctive relief as running against the party opposing the class. This conclusion would render it inapplicable to any defendant class. Wright & Miller, *supra,* § 1775, at 21–22 (1972). It is true that the only federal court appearing to have considered the issue did reject this *Wright & Miller* conclusion, and instead held that 23(b)(2) could be applied in the case of defendant class. *Gibbs v. Titelman,* 369 F.Supp. 38, 53 (E.D.Pa.1973), *rev'd on other grounds,* 502 F.2d 1107 (3rd Cir. 1974). However, there again the defendant class was joined as a procedural aspect of a suit essentially directed towards striking down a state statute as unconstitutional. As discussed, this is not the case in the instant action. Under such circumstances, the court finds that this cause is not an appropriate one for a defendant class pursuant to Federal Rule 23(b)(2).

### Plaintiff Class

As the court finds that this cause may not be maintained as a class action in regard to the defendant class, it is necessary to redefine the appropriate plaintiff class as well. The court will conditionally certify that this cause may be maintained as a class action, pursuant to Rule 23(a) and (b)(2) of the Federal Rules, in regard to a plaintiff class defined as "all pre-trial detainees who, pursuant to order of defendant Busse

setting bail, are or will be incarcerated prior to trial due to financial inability to pledge resources sufficient to secure their release."

## II. *MOTION TO DISMISS DEFENDANTS CAMPBELL AND ALLEN*

At the hearing on the pending motions in this cause, counsel for plaintiffs conceded that, should the defendant class aspect of this cause be denied, there would be no reason to retain the defendant Campbell, Executive Secretary of the Judicial Conference of Indiana. Campbell was joined by plaintiffs in order to facilitate notice in this cause to the defendant class. As this action will not be permitted to be maintained as a class action in regard to the defendant class, the defendant Campbell is no longer needed for such purposes. Accordingly, this cause shall be dismissed as to him.

The defendant Allen is the Insurance Commissioner of Indiana and is responsible under state law for promulgating rules and regulations governing bail bondsmen in the state. Allen is joined as a party on the ground that his presence in the suit may be required to grant complete relief. Plaintiffs contend that in light of their legal claim concerning bail bonds, the defendant Allen might be needed to promulgate a regulation that all bail bondsmen must inform prospective clients that they have the alternative of paying the 10% fee into court directly rather than as a non-refundable bond premium.

However, the court does not find Allen's presence in this suit to be necessary to the granting of complete relief. This cause shall not be maintained against a defendant class, and there is no relief to be ordered which could not be achieved equally well through the defendant Busse. *Cf., Rakes v. Coleman, supra* at 192–3. Accordingly, This cause as to the defendant Allen will be dismissed.

## III. *MOTION OF THE DEFENDANT BUSSE TO DISMISS AND TO STRIKE*

Defendant Busse argues that this cause must be dismissed as to him because the setting of bail is a discretionary judicial act, and a judge is immune to suit challenging such official acts. This argument is well taken in regard to personal liability for damages, and accordingly, the motion to dismiss shall be granted insofar as the complaint seeks an award against Judge Busse personally for the costs, including attorney fees, of this action. *Boyd v. Adams,* 513 F.2d 83 (7th Cir. 1975). However, in regard to the purely equitable or declaratory relief sought regarding bail setting practices, it is clear that the doctrine of judicial immunity does not bar a suit stating a cause of action under 42 U.S.C.A. § 1983. *Boyd v. Adams, supra; Jacobson v. Schaefer,* 441 F.2d 127 (7th Cir. 1971). Accordingly, the legal claims asserted in this cause will not be dismissed insofar as they seek equitable or declaratory relief.

Defendant Busse also seeks dismissal of this cause on the ground that plaintiffs are seeking release from custody and therefore habeas corpus, *after* exhaustion of state court remedies, is the only permissible avenue for federal court intervention. This contention is clearly answered adversely to defendant Busse by the recent Supreme Court decision in *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). *Gerstein* was a suit by pre-trial detainees seeking a ruling on the constitutionality of a state procedure allowing persons arrested under a prosecutor's information to be held pending trial without a probable cause hearing. The Court held that such an action was not within that class of cases for which habeas corpus is the exclusive remedy. *Id.* at 859 n. 6. In so holding, the Court noted that the pre-trial detainees did not seek release from custody, but rather only

that they be declared entitled to a probable cause determination. This is directly analogous to the case at bar, where plaintiffs do not seek release from custody, but rather seek bail set in an amount arrived at through constitutionally permissible procedures.

 *Gerstein, supra,* also answers the defendant's contentions that this action must be dismissed because barred by the comity doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971), and because it is moot as the named plaintiffs are not, or soon will not be, pre-trial detainees. *Gerstein* clearly holds that a suit such as the instant one is not directed at state prosecutions as such and, therefore, is not barred by the equitable restrictions of *Younger. Id.* at 860 n. 9. *Gerstein* also rejects the mootness arguments in the context of an action properly brought on behalf of a class consisting of pre-trial detainees. The Court held that the action was not mooted by the fact that the class representatives were no longer pre-trial detainees, even if that became true prior to the initial class certification. *Id.* at 861 n. 11.

Finally, in the motion to dismiss, defendant Busse argues that this court should abstain from adjudicating this cause pending state court consideration of the issues raised. However, abstention is appropriate only in circumstances where there exists an uncertain question of purely state law, resolution of which could moot the federal claims and render unnecessary federal constitutional litigation. *Palermo v. Sendak,* 382 F.Supp. 1387 (N.D.Ind. 1974). This criterion is not met in this case. The only legal issues involved are ones concerning federal constitutional law, and in these circumstances, abstention is not appropriate. *Indiana State Employees Association, Inc. v. Boehning,* 511 F.2d 834 (7th Cir. 1975). Accordingly, for the foregoing reasons, the motion to dismiss will be denied insofar as

the complaint seeks equitable or declaratory relief.

The Busse motion also seeks to strike certain portions of the complaint. It may be true that certain aspects of the complaint set forth plaintiffs' claims in more detail than would be contemplated by a strict interpretation of the Federal Rules. However, a motion to strike is not a favored motion. As the court certainly cannot conclude that the portions of the complaint to which the motion is addressed are redundant or irrelevant to the subject matter of this litigation, or are in any way prejudicial to the defendants, the motion to strike will be denied.