**MANAGEMENT TELEVISION SYSTEMS, INC., Plaintiff,**

v.

**NATIONAL FOOTBALL LEAGUE et al., Defendants.**

**Civ. A. No. 70–741.**

United States District Court, E. D. Pennsylvania.

April 8, 1971.

Bruce W. Kauffman, Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., for plaintiff.

Blank, Rome, Klaus & Comisky, Philadelphia, Pa., Hamilton Carothers, Covington & Burling, Washington, D. C., for defendants.

## OPINION AND ORDER

FULLAM, District Judge.

Plaintiff has brought suit under the antitrust laws naming as defendants the National Football League, sixteen member clubs of the League and three national television networks. Plaintiff claims to operate closed circuit television systems and alleges that the named defendants, along with other football clubs who are members of the National Football League, have conspired to exclude plaintiff from the market for televising professional football games by refusing to deal with it, and have conspired to allocate the markets for such television. Extra-territorial service of process with respect to two clubs, the New Orleans Saints and the San Francisco Forty-Niners, has been quashed. Plaintiff has now moved to maintain the action as against an unincorporated association pursuant to Fed.R.Civ.P. 23.2, contending that the National Football League

and those clubs properly named and served represent all 26 members of the League.

Rule 23.2, added in 1966, restates the pre-1966 practice of permitting suits against unincorporated associations to proceed as "true class actions" under (former) rule 23(a) (1). Though Fed. R.Civ.P. 17(b) has always permitted suit against an association in its common name if federal rights are asserted against it or if the law of the state where the District Court sits so permits, class actions were employed in several situations where entity treatment either was not available or presented jurisdictional problems. *See* Calagaz v. Calhoon, 309 F.2d 248 (5th Cir. 1962); Lowry v. International Brotherhood of Boilermakers etc., 259 F.2d 568 (5th Cir. 1958); Montgomery Ward & Co. v. Langer, 168 F.2d 182 (8th Cir. 1948). The situation most pertinent to the present case was that where proper service could not be made on the association as an entity but was effected on local representatives of the association. In Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 148 F.2d 403 (4th Cir. 1945), the court held that a class action brought against such representatives was a proper procedure for suing the association.

■■ Rule 23.2 as presently written requires that the representative named fairly and adequately protect the interests of the members. Professor Wright has theorized that because the rule specifically states only one prerequisite and specifically incorporates only Fed.R.Civ. P. 23(d) and 23(e), all of the prerequisites to a class action set forth in 23(a) and (b) need not be met. C. A. Wright, Law of Federal Courts § 72, at 317 (1970). However, the purpose of the rule and application of class action principles in pre-1966 cases make clear that the conduct alleged must be conduct taken by the association and at least acquiesced in by its members. In this sense, questions common to all class members must be presented. Also, to be a proper representative, a party must occupy a position similar to other members of the class. There is no requirement that the members be too numerous to join individually; at any rate, associations usually are comprised of a large number of units, and the association here is sufficiently large (26 clubs) to warrant class treatment.

Defendants do not dispute the assertion that the National Football League is an unincorporated association. All 14 clubs properly served have filed a common answer, and are represented by the same counsel as the National Football League. The principal issues raised by the pleadings, whether there is a conspiracy or agreement to refuse to deal with plaintiff and, if so, whether this is illegal, are common to the class.

The member clubs are adequately represented in the sense that qualified counsel appearing for the representative defendants will vigorously protect their interests. Defendants contend that the issues presented with respect to each club are or may be substantially different. In Research Corporation v. Pfister Associated Growers, Inc., 301 F.Supp. 497 (N.D.Ill.1969) a class of defendants was sustained under rule 23(b) (3) in a case alleging a conspiracy in violation of the antitrust laws, even though there were some individual questions with respect to participation in the conspiracy. In the present case, this problem seems minimal. Plaintiff has made an adequate showing for present purposes that the distribution of television rights is a matter of league policy, and that if there are such agreements, all clubs have participated or acquiesced therein. If later in the proceedings it should develop that this is not the case, appropriate orders can be entered permitting individual clubs to assert their separate contentions.

■ Defendants contend that the class action cannot be sustained because no enforceable judgment could be entered against clubs not properly served with process. An attempt to enforce such a judgment would, they argue, be an in-

fringement of their rights without due process of law. However, class actions are binding on all members of a class under rule 23(c) (3). Where a class is adequately represented, and where there is no conflict of interest between members of a class, a judgment binding on all the members does not offend due process. See Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). In Oskoian v. Canuel, 269 F.2d 311 (1st Cir. 1959) the court held that a class-action judgment entered in a tort action against a union could be binding on all the members of the union. Steps may be taken during the course of these proceedings to insure that the rights of all class members are protected, especially in light of the manageable size of the class. At this point, the possibility that a judgment would be vulnerable seems remote.

In sum, the clubs comprising the National Football League are adequately represented, and the issues presented are common to the association. Therefore, the action may be maintained as a class action.