Angelo F. CONIGLIO, Plaintiff,

v.

HIGHWOOD SERVICES, INC., et al.,
Defendants.

Civ. No. 1970-408.

United States District Court,
W. D. New York.

Sept. 18, 1972.

David Berger, Philadelphia, Pa. (H. Laddie Montague, Jr., Philadelphia, Pa., of counsel), Gross, Shuman, Wiltse & Laub, Buffalo, N. Y. (Irving M. Shuman, Buffalo, N. Y., of counsel), for plaintiff.

Raichle, Banning, Weiss & Halpern, Buffalo, N. Y. (Frank G. Raichle, Buffalo, N. Y., of counsel), for defendant Highwood Services, Inc.

Covington & Burling, Washington, D. C. (Paul J. Tagliabue, Washington, D. C., of counsel), for defendant N. F. L.

Jenkens, Spradley & Gilchrist, Dallas, Tex. (D. Marshall Simmons, Dallas, Tex., of counsel), for defendant Dallas Cowboys.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga. (Emmet J. Bondurant, Atlanta, Ga., of counsel), for defendant Atlanta Falcons.

Kirkland & Ellis, Chicago, Ill. (Michael W. Coffield, Chicago, Ill., of counsel), for defendant Chicago Bears.

Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich. (Frederick C. Nash, Detroit, Mich., of counsel), for defendant Detroit Lions.

Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Minneapolis, Minn. (Irving R. Brand, Minneapolis, Minn., of counsel), for defendant Minnesota Vikings.

Welsh, Trowbridge, Planert & Schaefer, Green Bay, Wis. (F. N. Trowbridge, Sr., Green Bay, Wis., of counsel), for defendant Green Bay Packers.

JOHN O. HENDERSON, Chief Judge.

Plaintiff, on behalf of himself and all others similarly situated, commenced the present action against defendants and a class which he contends they represent. The first count of the complaint alleges that defendants have engaged in an illegal tie-in practice in violation of 15 U.S.C. §§ 1 and 2 by requiring purchasers of regular season tickets to professional football games to also purchase tickets to pre-season games. The second count of the complaint alleges a conspiracy among the named defendants and members of the defendant class to charge the same price for exhibition games as for regular season games and/or to require the purchase of tickets to exhibition games as a condition to the purchase of season tickets for regular season games. This claimed conspiracy is also alleged to be in violation of Title 15 U.S.C. § 1.

Plaintiff now moves for a determination of the plaintiff and defendant classes as specified in the complaint.

Defendants' initial opposition to any such determination is premised on the contention that this court must first look to the merits of plaintiff's claim to determine if there is a substantial possibility of success. In support of this contention defendants cite Milberg v. Western Pacific R. R., 51 F.R.D. 281, 282 (S.D.N.Y.1970). That court apparently relied upon the following language of Judge Weinstein's opinion in Dolgow v. Anderson, 43 F.R.D. 472 (E.D.N.Y. 1968):

> "Once the court is convinced that there is substantial merit to plaintiff's claims and that the class action device is the practicable method of vindicating these claims, it will not let procedural difficulties stand in its way." 43 F.R.D. 481.

The class action was sought to be maintained in *Dolgow* on the ground that there were common questions of law and fact present. This being one of the prerequisites to the maintenance of an action pursuant to Rule 23, it was incumbent upon that court to determine whether any questions of law or fact were presented which could indeed be considered common to members of the class.

However, to require plaintiff to go further and establish a substantial possibility of success on the merits would be inconsistent with both the letter and spirit of Rule 23 which provides to an individual a means of seeking redress of a claimed wrong through the combined efforts of a class. Kahan v. Rosenstiel, 424 F.2d 161 (3rd Cir. 1970); Miller v. Mackey International, Inc., 452 F.2d 424 (5th Cir. 1971). See also, Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968).

The Federal Rules of Civil Procedure afford to litigants opportunities at various stages of the proceedings to contest the merits of the action. However, a motion for determination of a class pursuant to Rule 23 is not one of them.

Accordingly, consideration must now be given to the appropriateness of the classes urged by plaintiff.

PLAINTIFF'S CLASS.

Plaintiff seeks to maintain this action on behalf of "all persons holding season tickets for regular scheduled football games presented by the defendant, Buffalo Bills, and members of the defendant class represented by the defendant, Buffalo Bills, as hereinafter defined." That class would consist of approximately 700,000 season ticket holders of sixteen different teams across the United States.

It is apparent from numbers alone that the proposed class is so numerous that joinder of all members is impracticable. Similarly, there will no doubt be questions of law and fact involved which will be common to the class. The more important question,

however, as it relates to a class sought to be maintained pursuant to Rule 23(b)(3), is whether these common questions predominate over questions affecting only individual members. In this respect, the court has reviewed the various memoranda and affidavits submitted on behalf of the various clubs involved and concludes that no two NFL clubs operate, at least ostensibly, in precisely the same manner. For instance, the Green Bay Packers play some games in two separate cities and offer partial season tickets to its fans. The New England Patriots have played some games in four different stadiums in the past six years and have sold season tickets in a variety of forms and prices. Some purchasers of those tickets are also shareholders in its club and stadium. The Dallas Cowboys operate in a similar manner. The Atlanta Falcons allow season ticket holders to exclude pre-season games from the season ticket.

While the questions necessary for a determination of the claims of the various classes of plaintiff may be similar, they share little in common. The evidence and theories necessary to establish the allegations of the Buffalo Bills season ticket holders will be separate and distinct from those required of the season ticket holders of other NFL clubs.

The above also points up the primary impediment to the maintenance of the action in the manner which plaintiff now proposes. It is simply not the superior way to proceed with the present suit.

If this case were to proceed to trial in the manner plaintiff proposes, it is inconceivable to this court how a jury of twelve laymen could digest the variety of legal theories and evidentiary matters advanced by such a wide contingency of plaintiffs and at the same time come to a deliberate and thoughtful resolution of the issues.

Furthermore, the management and supervision of such an action would so drain the resources of this court as to affect the ability of other litigants, in both civil and criminal matters to timely and adequately seek redress of grievances in this district. Nothing advanced by plaintiff herein would warrant such a result.

Accordingly, this action would be inappropriate for class treatment in the manner sought by plaintiff pursuant to Rule 23(b)(3).

However, since plaintiff further seeks determination of the class pursuant to Rule 23(b)(1) and (b)(2), consideration must now be given to plaintiff's standing to maintain such an action.

■ Defendants contend that since plaintiff has never purchased a season ticket from a team other than the Buffalo Bills, he is ineligible to represent season ticket holders from any other NFL team against any other NFL team. See Bailey v. Patterson, 369 U.S. 31, 32–33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 734 (3rd Cir. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971); Thaxton v. Vaughan, 321 F.2d 474, 476 (5th Cir. 1963); Greenstein v. Paul, 275 F.Supp. 604, 605 (S.D.N.Y.1967), aff'd, 400 F.2d 580 (2d Cir. 1968). *Contra*, LaMar v. H & B Novelty & Loan Co. (D.C.Oregon 1972).

Such a position, if accepted, would have validity only as applied against the first count of the complaint, alleging tie-in sales on the part of individual teams. However, it would not preclude a class action on the second count of the complaint, alleging a conspiracy among all defendant class teams.

A further impediment to the maintenance of a class of plaintiffs as sought here, under any provision of Rule 23, is the failure on the part of the named plaintiff to establish that his claims are typical of the class or that he will fairly and adequately protect the interests of the class. What has been said previously concerning the ability of a jury to intelligently and thoughtfully resolve the

issue as between the respective parties again becomes relevant. So too does the financial interest of some season ticket holders in the various clubs and/or stadiums in which professional football is played.

Moreover, there are presently at least four other actions pending in various districts in which classes of season ticket holders are challenging the practices of their respective clubs concerning ticket sales. Summary judgment has recently been granted in one such action in favor of the New England Patriots.

Accordingly, it is apparent that the class of season ticket holders sought to be represented by this plaintiff has available remedies independent of plaintiff's present action. Indeed, as to the actions already under way in the other districts, the present action would pose more of a hindrance to those litigants than it would a help in view of the potential effects on those proceedings following a determination such as plaintiff now seeks here.

■ However, the limitations set forth above do not apply to a class consisting of season ticket holders solely of the Buffalo Bills. With respect to that more limited class, this court finds that all the requirements of Rule 23(a) have been met.

Once the class has been so limited, the risk of inconsistent adjudication becomes negligible and, accordingly, determination of a class pursuant to Rule 23(b)(1) is inappropriate.

■ Similarly, this court finds that, considering the extent of pecuniary relief sought by plaintiff, the action is not suited for treatment pursuant to Rule 23(b)(2). See, Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968).

However, pursuant to Rule 23(b)(3) the court finds that the questions of law and fact common to the members of this more limited class predominate over any questions affecting only individual members and that the class is superior to other available methods for the fair and efficient adjudication of the controversy.

■ Concerning the precise boundaries of this limited class, it should appropriately include all present season ticket holders to Buffalo Bills home games and all past holders of such tickets, beginning with the 1968 football season. Plaintiff's further contention that the class should include all potential future holders of season tickets is rejected as unrealistic, impractical and unnecessary for the relief which he seeks herein.

DEFENDANTS' CLASS—RULE 23.

■ Plaintiff further seeks to maintain this action against a class of defendants pursuant to Rule 23(b)(1), (b)(2) and (b)(3) and 23.2. Such a class is defined as all NFL teams which require their season ticket holders to purchase tickets to exhibition games as well as to regular season games. From the affidavits and memoranda submitted in conjunction with the present motion, it appears that such a class would consist of sixteen teams.

It is apparent initially that although joinder of all such teams in a single suit may be impractical, that is not a result of numbers.

Similarly, what has previously been said concerning common questions of law and fact is equally relevant here. Each named defendant and each potential member of defendants' class appearing in opposition to the present motion contend that the ticket practices of individual clubs depend upon exclusively local factors such as stadium seating capacity, fan interest, geographic location, local population numbers and the like. Although the defenses and questions thus presented are similar, they share little if anything in common. The testimony, documents and theories advanced on behalf of one club will have no practical relevance as to any other club. This would apply equally to count two of the complaint as it would to count one.

Accordingly, to proceed as urged by plaintiff would require separate findings with regard to each defendant team, separate trial counsel, separate jury instructions and separate proof covering varying periods of time during which it is claimed that each team engaged in illegal activity.

All of the above also serves to point up an additional prohibition to the maintenance of such a class under Rule 23. In view of the defenses raised thus far, this court fails to see how any one representative defendant may fairly and adequately protect the interest of the class. Finally, the avoidance of varying adjudications, in view of the other four actions pending, would appear to be moot. Even assuming a stay of some of those proceedings, summary judgment has now been granted in favor of one of the members of the class sought to be represented in this suit.

Accordingly, this court finds that the maintenance of defendants' class pursuant to Rule 23(b)(1), (b)(2) or (b)(3) would be improper, and the motion for a determination of the same is denied. See Reinisch v. New York Stock Exchange, CCH Federal Securities Law Reporter, ¶ 93,073 (S.D.N.Y.1971); Lah v. Shell Oil Co., 50 F.R.D. 198 (S.D.Ohio 1970).

DEFENDANTS' CLASS—RULE 23.2

█ Plaintiff finally contends that the suit may be maintained against a defendant class represented by the NFL pursuant to Rule 23.2. Management Television Systems, Inc. v. National Football League, 52 F.R.D. 162 (E.D. Pa.1971) is cited in support of that contention. The court in that case, after noting the principal issue to be a conspiracy common to all league members, observed the following:

> "Plaintiff has made an adequate showing for present purposes that the distribution of television rights is a matter of league policy, and that if there are such [league television]

agreements, all clubs have participated or acquiesced therein." 52 F.R.D. at 164.

This court feels a similar finding in the present action would be unwarranted. Notwithstanding plaintiff's charge of conspiracy in the second count of the complaint, this court continues to see predominantly individual factual inquiries necessary for a resolution of these issues.

Furthermore, Rule 23.2, by its very language, authorizes actions by or against members of an unincorporated association by naming certain *members* as representative parties. Nowhere is the association itself authorized as the proper representative of its members. This in turn serves to point up one further limitation on the applicability of the Rule. The advisory committee note to Rule 23.-2 observes that:

> "The real or main purpose of this characterization [as a class suit] has been to give 'entity treatment' to the association when for formal reasons it cannot sue or be sued as a jural person under Rule 17(b)."

In the present action the NFL has been named and served as a party defendant pursuant to Rule 17(b). It is present as an entity and, accordingly, it would appear to this court that, for this and the other reasons set forth above, the maintenance of a defendant class pursuant to Rule 23.2 would be inappropriate in the present action.

Accordingly, plaintiff's motion for a determination of a defendant class pursuant to Rule 23.2 is also denied.

With respect to the plaintiff class specified above, counsel for the representative plaintiff shall prepare and submit to this court for approval, within twenty (20) days after entry of this order, a notice to the class pursuant to Rule 23(c)(2). Following approval, that notice will be directed by plaintiff to all members of the class pursuant to the provisions of the above rule; all to be accomplished at plaintiff's expense.

Within thirty (30) days of entry of this order, defendant Highwood Services, Inc. will provide to counsel for plaintiff a list of the names and recorded addresses of all members of plaintiff class. In the alternative and at said defendant's option, it may provide to plaintiff's counsel, within ten (10) days of entry of this order, books, records or other documents necessary for compilation of such a list.

The time limits specified above shall be extended only upon further order of this court, upon good cause shown.

It is so ordered.