**In re James J. O'CONNELL, Esquire, Chapter 13 Standing Trustee, Plaintiff,**

**v.**

**Frank DAVID, Gerry Robinson, Frank Willardi, Consumer Protection Services, Fran Thompkins, Buddy Caldwell, Edward O'Brien, Debtors Protection and Education Services, United States Consumer Council, Inc. and United States Financial Services, Inc., Defendants.**

**Adv. No. 82–006M.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 17, 1983.

**142**

John F.X. Fenerty, Philadelphia, for plaintiff.

## CERTIFICATION

Pursuant to paragraph (d)(3)(B) of the Interim Rule regarding the administration of the Bankruptcy System, the undersigned Bankruptcy Judge does hereby certify his Opinion, containing Findings of Fact, Conclusions of Law, and a proposed Order to the District Court for the Eastern District of Pennsylvania for review and entry of the final judgment.

/s/William A. King, Jr.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on the Motion of the Plaintiff for Judgment on the Verified Pleadings and Trial Record pursuant Bankruptcy Rule 755(a). Pursuant to Bankruptcy Rule 752, the Court now enters the following findings of fact and conclusions of law:

## I. PROCEDURAL HISTORY

A. This action was commenced by a complaint filed on October 1, 1982. An amended complaint was filed on or about October 19, 1982. Pursuant to this Court's Order of October 26, 1982, personal service of the amended complaint was attempted on the individually named defendants. Service was also made by regular mail to the last known address of said defendants pursuant to Bankruptcy Rule 704(c)(2). Proof of service has been filed with the Court pursuant to Bankruptcy Rule 704(g).

B. None of the named defendants has filed a responsive pleading to the complaint or amended complaint. Plaintiff requested that the Court conduct a hearing pursuant to Bankruptcy Rule 755(a) in order to enable the Court to reach a decision on the appropriateness of the relief requested by Plaintiff in this action. Said hearing was held before the Court, at which time testimony was taken from certain debtors, a representative of the office of the Standing Chapter 13 Trustee, and named Defendant, Buddy Caldwell.

C. This action has been determined by the Court, by Order dated December 14, 1982, to be maintainable as a defendant class action under the provisions of Bankruptcy Rule 723 and Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Notice of said determination was given by direct mail and/or publication to each individually named defendant, as well as to each member of the class, or arguable member of the class, whose name and address could be determined by reference to the records maintained by Plaintiff and Thomas A. Guise, Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania. Proof of mailing and publication of said notice has been filed with the Court.

D. In response to the notice that this action was determined to be maintainable as a class action, a business entity which identified itself as the United States Consumer Council, Inc., doing business at 1800 Pavilion, Suite 605, 2101 Ferry Avenue, Camden, New Jersey 08103, and a business entity which identified itself as the United States Financial Services, Inc., doing business at 211 Haddon Avenue, Westmont, New Jersey 08108, notified the Clerk of the

United States Bankruptcy Court of their desire to be excluded from the defendant class pursuant to Bankruptcy Rule 723 and Federal Rules of Civil Procedure 23(b)(3) and 23(c). No other individuals or entities notified the Court of their desire to be excluded from the class.

E. A hearing was scheduled in order to allow all parties in interest to present argument to the Court on the legal issue of whether an entity may exclude itself from the effect of any judgment or order of the Court entered in a class action certified as maintainable under Federal Rule 23(b)(2) and 23(b)(3). Prior to any determination on this issue, both the entities withdrew their requests to be excluded from the effect of any judgment or order entered in this class action. It was not admitted, however, that they were engaged in activities that would make them a member of the defendant class. Hearing was duly held on March 22, 1983. This Court entered an Order dated March 25, 1983 ruling that pursuant to Bankruptcy Rule 723 and Federal Rule of Civil Procedure 23(c), entities or individuals shall not have a right to be excluded from the effect of any order or judgment that might be entered against the defendant class in this action.

## II. FINDINGS OF FACT

A. Defendants are neither licensed practitioners of law nor members of the Bar of the Court of the Eastern District of Pennsylvania, nor of the Bar of the Supreme Court of Pennsylvania. As such, they are not authorized to practice law in this jurisdiction.

B. Defendants regularly hold themselves out, through both advertisements in the media and through direct mailing, as being qualified to provide services to individual debtors who are in need of the relief provided by the Bankruptcy Reform Act of 1978.[1]

C. Defendants, after receiving fees that vary between $150.00 and $350.00 per case,

provide individual debtors with one or more of the following services:

(1) Counsel, advice, and recommendations concerning the laws of debtor-creditor relationships in the Commonwealth of Pennsylvania, the exemption, dischargeability and automatic stay provisions of the Bankruptcy Reform Act of 1978, the likely or unlikely effect of said laws on the debtor's economic circumstances, and the relative advantages and disadvantages of filing a petition for liquidation under Chapter 7 as opposed to the filing of a petition for an adjustment of debts under Chapter 13 of the Bankruptcy Reform Act of 1978;

2. Counsel, advice, and recommendations with respect to the preparation by the debtor of Chapter 7 and Chapter 13 petitions, statements and schedules;

3. Actual preparation and direct or indirect filing for the debtor of Chapter 7 or Chapter 13 petitions, statements, schedules and Chapter 13 plans.

D. The services rendered by defendants as described *supra,* require legal knowledge, training, skill, and ability beyond those possessed by the average lay person, and as such, constitute the unauthorized practice of law.

E. Defendants' solicitation of debtors for the purpose of providing said services constitute solicitation for the unauthorized practice of law.

F. Most debtors who have retained the services of Defendants have had bankruptcy petitions prepared and filed for them, however, said petitions generally indicate that the debtor was filing *pro se.*

G. Certain debtors who have retained the services of defendants have been irreparably harmed as a result of incomplete, inaccurate, and/or erroneous advice and counseling provided by the Defendants. Said irreparable harm has included, *inter alia,* the loss of assets, including personal homes, which may have been avoided if the debtors had been properly advised and counseled.

---

1. Act of Nov. 6, 1978, Pub.L. No. 95–598, 92 Stat. 2549 (1978).

H. As a result of the untrained and unskilled exercises of judgment by, and erroneous direction and advice from defendants, certain debtors who have sought and obtained relief by filing for protection under the Bankruptcy Reform Act of 1978 have provided inaccurate, incomplete, and/or perjured disclosures of the nature and extent of their assets and liabilities. The Chapter 13 plans filed by said debtors could not be confirmed by the Court.

I. As a result of the untrained and unskilled exercises of judgment and the erroneous direction and advice given by defendants to certain debtors, James J. O'Connell, Esquire, the Standing Chapter 13 Trustee, has been required to divert inordinate and inappropriate amounts of time from his appointed duties in an effort to advise and counsel said debtors concerning their improperly prepared Chapter 13 statements and plans. The Standing Trustee has also been required to spend substantial amounts of time in preparing and filing appropriate Chapter 13 plans for these debtors.

### III. CONCLUSIONS OF LAW

A. Subject matter jurisdiction is vested in this Court by virtue of the provisions of 28 U.S.C. § 1471 and the emergency resolution of the United States District Court for the Eastern District of Pennsylvania. *See,* Order of the Honorable Alfred L. Luongo, Chief Judge of the District Court for the Eastern District of Pennsylvania, dated December 21, 1982.

B. The advice and counselling which Defendants provide concerning the exemptions, dischargeability and automatic stay provisions of the Bankruptcy Code constitutes the unauthorized practice of law.

C. The advice and counselling Defendants provide concerning the relative advantages of filing a petition under Chapter 7 as opposed to a filing under Chapter 13 of the Bankruptcy Code constitutes the unauthorized practice of law, because such advice requires the use of legal judgment requiring legal knowledge, training, skill, and ability beyond that possessed by the average layman.

D. The preparation of various legal documents by the Defendants, including Chapter 13 petitions, statements, schedules, Chapter 13 plans, etc., on a regular basis for a fee, constitutes the unauthorized practice of law, even though defendants made no attempt to appear before the Court.

E. The act of defendants in soliciting debtors constitutes a solicitation for the unauthorized practice of law, because these advertisements imply that defendants are qualified to perform legal services.

F. The power to regulate and define what constitutes the practice of law is independently vested in a court of equity, although the legislature and executive branches of government may place additional penalties upon those who engage in the unauthorized practice of law. Thus, as a court of equity, the Bankruptcy Court has the power to enjoin defendants' actions insofar as they constitute the unauthorized practice of law, and further, to require that Defendants return all money paid by debtors to those Defendants engaged in the unauthorized practice of law. *See, In the Matter of Bradford Arthur,* 15 B.R. 541 (Bkrtcy.E.D.Pa.1981).

G. Plaintiff, James J. O'Connell, Esquire, in his capacity as Standing Trustee, is charged with the performance of certain statutory duties. *See* 11 U.S.C. § 1302. The Standing Trustee is also required to examine all Chapter 13 plans and advise the Court as to whether they comport with the appropriate provisions of the Bankruptcy Code. *See* 11 U.S.C. § 1322 and § 1325. The activities of defendants are seriously hindering both the Standing Trustee and the Court in the proper performance of their duties as set forth under the statute.

H. Pursuant to 11 U.S.C. § 105(a), the Bankruptcy Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Therefore, the Bankruptcy Court has the power to enjoin Defendants from participating in the activities described *supra,* and to enter an order

requiring the refund of all monies paid to Defendants by the debtors, as this relief is both necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly 11 U.S.C. § 1302 and § 1325.

## IV. ORDER

AND NOW, this day of, 1983, it is ORDERED and DECREED AS FOLLOWS:

1. The members of the Defendant class, as previously determined, include and are described as follows:

individuals and variously styled business entities, none of which are licensed or regulated practitioners of law, nor members in good standing of the Bar of this Court or any other court in the Commonwealth of Pennsylvania or the District Court for the Eastern District of Pennsylvania, who have engaged, or in the future will engage, in any of the activities set forth in our Opinion.

2. The named Defendants, and those individuals and entities who are members of the Defendant class, are hereby ENJOINED from engaging in each and every activity described above in Paragraph C of our Findings of Fact, whether in single or combined form, and whether engaged in or practiced directly or indirectly.

3. James J. O'Connell, Esquire, the Standing Chapter 13 Trustee for this Court, or his legal representative, shall give notice of this Order, by mailing a copy of the Order to each individually named Defendant, as well as to each member of the class, if any, whose name and address can be determined by reference to the records maintained by the Standing Trustee and the Clerk of the United States Bankruptcy Court. The Standing Trustee shall further give notice of the entry of this Order by publication of the Order once in at least one daily english language newspaper of general circulation in each of the counties in the Eastern District of Pennsylvania, service by United States Bankruptcy Court at Philadelphia, Pennsylvania. Upon completion of service as aforesaid, Plaintiff shall file affidavits attesting to same.

4. James J. O'Connell, Esquire, or his legal representative, shall inquire of *pro se* debtors, at the hearing required by 11 U.S.C. § 341, whether any party assisted the debtor with the preparation of the petition, statement of affairs, schedules, and plan, and the consideration paid for any such assistance.

5. In consideration of the risk of further harm to debtors, creditors, the general public, and the efficient administration of the statutory scheme mandated by the Bankruptcy Reform Act of 1978, James J. O'Connell, Esquire, is appointed this Court's Special Master pursuant to 11 U.S.C. § 105(a). He shall be charged with the responsibility of monitoring compliance with the injunction entered by the Court in this matter. In the event that the Special Master has reason to believe that said injunction is being violated, the Special Master or his legal representative is empowered to take the following actions:

A. The Special Master shall apply to this Court for an ancillary order directing a non-complying defendant, or any other relevant party, to appear before the Special Master for the purpose of presenting testimony and/or business records indicating the bankruptcy petitions filed before this Court in which the non-complying defendant has been connected with any of the above specified activities. For the purpose of effecting this Order, the Special Master is directed to issue appropriate subpoenas to non-complying defendants or any other relevant parties; provided further that each process shall reflect the provisions of this Order as authority for its issuance, and shall reflect the sanctions routinely available for enforcement of the process under Bankruptcy Rule 916, 28 U.S.C. § 1481, Federal Rule of Civil Procedure 45, and the emergency resolution of the United States District Court for the Eastern District of Pennsylvania.

B. The Special Master shall then certify his findings of fact to this Court, and based on said findings, he shall simultaneously apply for an ancillary order:

(i) holding the non-complying defendant in contempt of this Order, with any

finding of contempt, or sanctions for said contempt, to be made pursuant to Bankruptch Rule 920.

(ii) declaring the non-complying defendant to be a constructive trustee of the sums determined to have been paid to said defendant, and ordering said defendant to pay over to the Special Master such sums of money as are determined to have been paid by the debtors to the non-complying defendant in connection with any of the specified activities.

(iii) directing that any funds recovered under Paragraph (ii) be applied to the Chapter 13 plans of said Debtors.

6. James J. O'Connell, Esquire, shall take such steps as are in his judgment necessary and prudent to apprise the public of the illegal and detrimental nature of the activities that have been enjoined by this Court, including cooperation with any governmental agencies or bar associations which are or may become involved in this matter, provided that said cooperation is not violative of the Canons of Ethics of the legal profession.