**In re James J. O'CONNELL, Esquire, Chapter 13 Standing Trustee, Plaintiff,**

v.

**Frank DAVID, Gerry Robinson, Frank Millardi, Consumer Protection Services, Frank Thompkins, Buddy Caldwell, Edward O'Brien, Debtors Protection and Education Services, Defendants.**

Adv. No. 82–006M.
No. Misc. 83–0363.

United States District Court, E.D. Pennsylvania.

Nov. 2, 1983.

John F.X. Fenerty, Jeffrey Meyers, Charleston & Fenerty, Philadelphia, Pa., for plaintiff.

Jonathan Ganz, Philadelphia, Pa., for Buddy Caldwell.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

This case is a "civil proceeding that in the absence of a petition in Bankruptcy Court could have been brought in a District Court or a State Court." Interim Local Rule for Administration of the Bankruptcy System, ¶ (d)(3). It is before the court as a "related proceeding;" in related proceedings the bankruptcy judge may not enter a judgment or dispositive order but submits findings, conclusions and a proposed judgment to the district judge unless the parties consent to entry of the judgment or order by the bankruptcy judge; ¶ (d)(3)(B). Under ¶ (e)(2)(A), "[a] district judge shall review: . . . (iii) a proposed order or judgment lodged under paragraph (d)(3), whether or not any notice of appeal or application for leave to appeal has been filed." The reviewing judge "may hold a hearing and may receive such evidence as appropriate and may accept, reject or modify, in whole or in part, the order or judgment of the bankruptcy judge. At the conclusion of the review, the district court shall enter an appropriate order or judgment." ¶ (e)(2)(B).

Plaintiff, Standing Chapter 13 Trustee in Bankruptcy in the Eastern District of Pennsylvania, filed a complaint in the Bankruptcy Court on October 12, 1982 to enjoin from the unauthorized practice of law certain defendants named individually and as representatives of a class of individuals or business entities not licensed to practice law who were alleged to be counselling or advising debtors on the preparation and filing of bankruptcy petitions. Plaintiff complained that these activities interfered with his responsibility as Chapter 13 Standing Trustee to assist debtors who filed Chapter 13 petitions. He also requested that defendants refund to debtors monies paid in conjunction with counselling, preparation, and filing of their Chapter 13 petitions. None of the named defendants filed a responsive pleading to the complaint. The Bankruptcy Court, after a hearing on class certification on December 7, 1982, held that the action might be maintained as a defendant class action under the provisions of Bankruptcy Rule 723 and Fed.R.Civ.P. 23(b)(2) and (b)(3), and on December 14, 1982 certified the eight named defendants, none of whom had appeared personally or by counsel, as class representatives.

A hearing pursuant to Bankruptcy Rule 755(a) on the appropriateness of the relief was held at the request of plaintiff on January 26, 1983. Only one of the named defendants, Buddy Caldwell, was represented; counsel on his behalf admitted error, plead ignorance and consented to declaratory and injunctive relief.

Two unnamed members of the certified class, United States Consumer Council, Inc. and United States Financial Services, Inc., who had received notice of the class certification, requested exclusion from the class. The president of the former was deposed; at his pretrial deposition he was represented by counsel. Neither corporation filed any pleadings nor contested the merits of the action. Prior to a hearing to allow argument on whether they had a right to be excluded from a class certified under Fed.R.Civ.P. 23(b)(2) and 23(b)(3), they withdrew their previous request without admitting they were engaged in activities that would make them a member of the defendant class. After hearing, the court entered an Order dated March 25, 1983 that under Bankruptcy Rule 723 and Fed.R.Civ.P. 23(c), entities or individuals did not have a right to be excluded from the effect of any order entered against the defendant class in this action. Opinion of Bankruptcy Judge, Procedural History, ¶ E, p. 3.

The Bankruptcy Judge then made Findings of Fact and Conclusions of Law in support of a proposed Order in favor of plaintiff on May 17, 1983, 35 B.R. 141; the decision was certified to this court for review and entry of final judgment under ¶ (d)(3)(B) of the Interim Rule on June 16,

**148**

1983.[1] This court ordered argument on the scope of its review and the adequacy of the findings with respect to class certification to be held on August 12, 1983.

Federal Rule of Civil Procedure 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

There was some evidence to support the Bankruptcy Court's findings that at least the first two requisites of Rule 23(a) were met. There might be sufficient numerosity and commonality to warrant class certification. This cannot be said of typicality. The claims of the plaintiff against the members of the defendant class are the same, but it cannot be known if the defenses of the representative parties are typical; the named representatives have defaulted or failed to defend so there are no defenses, common or uncommon.[2]

■ But whether or not there is typicality, there is nothing of record to support a finding that the representative parties would fairly and adequately protect the interests of the other class members. The only basis in the record for finding that the named defendants would fairly and adequately protect the interests of the class was a statement that "[t]he named repre-

sentative parties are all those individuals and business entities presently identified to plaintiff as having participated in the activities at issue." (Order of the Bankruptcy Court, filed December 14, 1982 (82–006M, Paper # 7)).

■ To certify a class, it is obligatory that there be named representatives who will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). See generally, 7 Wright & Miller, Federal Practice and Procedure, §§ 1765–70 (1972 & Supp.1982). Unless there has been fair and adequate representation, a judgment will not be binding against unnamed members of the class for lack of due process of law. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). See also, Gonzales v. Cassidy, 474 F.2d 67 (5th Cir.1973); 3B Moore's Federal Practice ¶ 23.07[1] (1982).

■ "The matter of adequacy of a class representative is not [a] legal question, it is a factual inquiry, resolution of which depends on all the facts and circumstances of a particular case and is entrusted to the discretion of the trial court." Dudo v. Schaffer, 93 F.R.D. 524, 531 (E.D.Pa.1982). Adequate representation requires that the class representatives or their attorneys will competently and vigorously protect the interests of all class members. In re Fine Paper Antitrust Litigation, 82 F.R.D. 143, 150 (E.D.Pa.1979); Management Television Systems, Inc. v. National Football League, 52 F.R.D. 162, 164 (E.D.Pa.1971). A class representative need not necessarily appear with an attorney but the competence, experience and vigor of the representative's counsel is considered in determining ade-

1. By Resolution dated June 16, 1983, all Bankruptcy Judges of the United States Bankruptcy Court of the Eastern District of Pennsylvania joined in the decision.

2. The Bankruptcy Court found the defendant class to be sufficiently numerous in that "[t]he exact number of members of the class is neither known or easily ascertainable because, inter alia, the disclosure provisions of Section 219 of the Rules of Bankruptcy Procedure are intentionally ignored by members of the class." It found "the central issue of whether the proper protection of the members of the public, as well as proper execution of Plaintiff's statutori-

ly mandated duties, demands that those persons engaging in the activities set forth [in the complaint] be duly licensed [attorneys]," to be a question of law and fact common to the class. The court further determined that "[t]he defenses of the representative parties ... are likely to be typical, if not identical, to the defenses of the class, in that all named Defendants are engaged in the activities set forth [in the complaint], but are not trained, nor licensed to practice law nor subject to the restrictions, regulations, and responsibilities of the legal profession."

quacy of representation; "an essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacqueline,* 391 F.2d 555, 562 (2d Cir.1968). *See also, Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 245–47 and n. 6 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); 3B Moore's Federal Practice ¶¶ 23.07[1], [1.–1] (1982).

Here there is no evidentiary basis of record for a finding of fair and adequate representation by the named defendants. All of them except one defaulted without appearance either personally or by counsel. The one named defendant who did enter an appearance, Mr. Caldwell, consented to judgment without argument. Two unnamed members of the putative class, United States Consumer Council, Inc. and United States Financial Services, Inc., entered appearances only to request exclusion; these requests were later withdrawn so that they in effect also consented to judgment without argument. This is far from fair and adequate representation. Vigorous representation is plainly lacking where there is in effect judgment by default. The unnamed members of the putative class would be denied due process of law if they were bound by the court's decision.

There being no evidence upon review of the record that the named defendants provided fair and adequate representation to the members of the defending class, the Findings of Fact and Conclusions of Law of the Bankruptcy Judge with respect to the certification of a defendant class cannot be entered as a final judgment of the court. There is no basis for a further evidentiary hearing because there is no reason to believe plaintiff is able to name any defendant able and willing to provide vigorous representation for the unnamed members of the class he seeks to enjoin.

However, the allegations as to the named defendants are unanswered and therefore admitted so that the Findings of Fact and Conclusions of Law and much of the accompanying Order can be entered as a final judgment as to them individually. But the appointment of a Special Master to monitor compliance with the Order entered by the Bankruptcy Court was necessitated only by its application to the putative class; therefore, there is no need to appoint the plaintiff Standing Trustee, James J. O'Connell, Esquire, as a Special Master and neither the power nor propriety of doing so need be considered.